## Ex parte GLASER (two cases).

### (Circuit Court of Appeals, Second Circuit. January 27, 1910.)

### Nos. 216, 217.

1. EXTRADITION (§ 14*)—INTERNATIONAL EXTRADITION—PROCEEDINGS—EVIDENCE.

Under the treaty of 1852 of the United States with Prussia and the other states of Germanic Confederation for extradition of criminals, providing that they shall be delivered on such evidence of criminality as according to the laws of the place where the fugitive was found, would justify his apprehension and commitment for trial, it is not necessary, to justify extradition, to present evidence sufficient to sustain a conviction, evidence justifying a committing magistrate in holding accused by imprisonment or by bail to await subsequent proceedings being sufficient, and the provisions of New York Code that conviction cannot be had on the uncorroborated evidence of an accomplice having no application.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 15, 16; Dec. Dig. § 14.*]

2. EXTRADITION (§ 14*)—INTERNATIONAL EXTRADITION—PROCEEDINGS—EVIDENCE.

Under Act Cong. Aug. 3, 1882, § 5, c. 378, 22 Stat. 216 (U. S. Comp. St. 1901, p. 3595), amending Rev. St. § 5271, providing that, where depositions are offered in evidence in an extradition case, they shall be admitted if they are properly authenticated to be received for similar purposes by the tribunals of the foreign countries from which accused shall have escaped, and the certificate of the principal diplomatic officers of the United States in such country shall be proof that the depositions are so authenticated, depositions so authenticated are properly admitted, though some of them are not sworn to.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 15, 16; Dec. Dig. § 14.*]

3. **EXTRADITION** (§ 14*)—INTERNATIONAL EXTRADITION—PROCEEDINGS—EVIDENCE.

In proceedings for the extradition of accused for forgery, and uttering forged documents, evidence *held* sufficient to justify the issuance of the warrant of extradition.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 15, 16; Dec. Dig. § 14.*]

4. **CRIMINAL LAW** (§ 372*)—EVIDENCE—OTHER OFFENSES.

Where one is charged with uttering forged notes and similar crimes, evidence as to other offenses is admissible.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 372.*]

Appeals from the District Court of the United States for the Southern District of New York.

In the matter of the applications of Gustav Glaser for writs of habeas corpus. From orders dismissing the writs of habeas corpus and certiorari, the petitioner appeals. Affirmed.

This cause comes here upon appeal from two orders of the District Court, Southern district of New York, dismissing writs of habeas corpus and certiorari in two applications for the extradition to the German Empire of Gustav Glaser, a German subject, who is accused of having committed in Berlin various acts of forgery and of having uttered forged papers. Both appeals may be considered together.

The relevant provisions of the treaty of 1852 are as follows:

Excerpt from Treaty of 1852 Referred to, Article 1.

"It is agreed that the United States and Prussia and the other states of Germanic Confederation included in, or which may hereafter accede to this convention shall upon mutual requisitions by them or their ministers, officers or authorities, respectively made, deliver up to justice all persons, who, being charged with the crime of murder, or assault with intent to commit a murder, or piracy or arson, or robbery, or forgery, or the utterance of forged papers, or the fabrication or circulation of counterfeit money whether counterfeit paper money or the embezzlement of public moneys, committed within the jurisdiction of either party, shall seek an asylum or shall be found within the territories of the other. Provided that this shall only be done upon such evidence of criminality as according to the laws of the place where the fugitive or person so charged shall be found, would justify his apprehension and commitment for trial, if the crime or offense had there been committed, and the respective judges and other magistrates of the two governments shall have power, jurisdiction and authority upon complaint, under oath to issue a warrant for the apprehension of the fugitive or person so charged that he may be brought before such judges or other magistrates respectively to the end and that the evidence of criminality may be heard and considered and if, on such hearing, the evidence be deemed sufficient to sustain the charge, it shall be the duty of the examining judge or magistrate to certify the same to the proper executive authority that a warrant may issue for the surrender of such fugitive. The expense of such apprehension and delivery shall be borne and defrayed by the party who makes the requisitions and receives the fugitive."

Archibald Palmer, for appellant.
Carl L. Schurz, Jr., for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The contention of appellant is that the evidence presented before the com-

missioner was not sufficient to justify his apprehension and commitment for trial, if the crime had been committed here. His argument in support of this contention proceeds upon the theory that the evidence should be sufficient to sustain a conviction, which is a wholly mistaken conception of the practice in these cases. Benson v. McMahon, 127 U. S. 457, 8 Sup. Ct. 1240, 32 L. Ed. 234; Ornelas v. Ruiz, 161 U. S. 502, 16 Sup. Ct. 689, 40 L. Ed. 787. It is only necessary to present such evidence as would justify a committing magistrate in holding the accused by imprisonment or under bail to await subsequent proceedings. The provisions of the New York Code that conviction cannot be had on the uncorroborated testimony of an accomplice have no application.

Appellant further contends that some of the depositions should be rejected because they are not sworn to, and that, if so rejected, there will not be sufficient testimony left to justify the commissioner's decision.

By the Act Cong. Aug. 3, 1882, § 5, c. 378, 22 Stat. 216 (U. S. Comp. St. 1901, p. 3595), amending section 5271, Rev. St. U. S., it is provided:

"That in all cases where any depositions, warrants, or other papers or copies thereof shall be offered in evidence upon the hearing of any extradition case under title sixty-six of the Revised Statutes of the United States, such depositions, warrants, and other papers, or the copies thereof, shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officers of the United States resident in such foreign country shall be proof that any deposition, warrant or other paper or copies thereof, so offered, are authenticated in the manner required by this act."

All the depositions in this case were properly and duly authenticated as the statute requires. The witnesses testified in the Prussian court before a Councillor of the Landericht Foth as examining magistrate in a criminal proceeding against Glaser and others. It appears from the certificate that one of the witnesses, George Dietz, was not sworn, because he was a minor under 16 years of age, and the German law does not allow him to be sworn. Some of the other witnesses were accomplices, being prosecuted with Glaser, and the German law does not allow them to be sworn. Although not sworn, however, these witnesses gave their testimony in the presence of the court, fully informed of what they were doing, realizing what might be the result of their statements upon the personal liberty of the accused, and under circumstances which laid the obligation upon their consciences to tell the truth. Ordinarily we say here that a committing magistrate cannot hold a person accused of crime except upon "sworn" testimony; but that is not strictly accurate, there are persons who have conscientious scruples about taking any oath at all, and their testimony is received when they "solemnly, sincerely and truly affirm." Such testimony is accepted because the circumstances under which they make their statements are deemed the full equivalent of the invocation of the Supreme Being or of laying hand upon the Gospels. No magistrate here would decline to commit an accused person merely because all the witnesses against him had conscientious scruples about swear-

ing to the testimony. If such affirmations would be received in the case of an offense committed here, when the witness has conscientious scruples, we see no reason why similar affirmations made in a German court, because the German government has conscientious scruples about administering oaths to minors and accomplices, should not be accorded like competency. This opinion seems to be entirely in accord with the latest deliverance of the Supreme Court upon a similar question in Elias v. Ramirez (January 3, 1910) 215 U. S. 398, 30 Sup. Ct. 131, 54 L. Ed. ——.

The first offense charged against the petitioner is that he forged the acceptance of one Fritz Dueker to a bill of exchange for 4,200 marks, and the acceptance of one L. Arndt to a bill of exchange for 4,000 marks; that he presented both of these forged bills to Solomon Delmonte of Berlin for discount, and that in order to convince Delmonte of their genuineness he gave to Delmonte a letter signed by the firm of Kuechling & Co., which Glaser had also forged; that Delmonte thereupon discounted the bills. Delmonte testified, under oath, that Glaser presented him the two bills, which Delmonte discounted for 3,100 marks and other valuable consideration. Dueker and Arndt both testified, under oath, that they never signed any such acceptances. The circumstances that the drafts were not shown to the witnesses is immaterial; a person's testimony that he never signed a described document might be quite convincing to a jury although the document itself were lost or destroyed. Hearing from Dueker and Arndt that they had never signed the acceptances, Delmonte sent for Glaser, who, on being informed of their statements, took out of his pocket and exhibited to Delmonte a letter purporting to be signed by Erich Kuechling & Co., in which it was made to appear that the acceptances had been sent to Glaser by that firm in the ordinary course of business. His suspicions being aroused, Delmonte arranged for a further interview with Glaser, at which a police officer, one Wolter, was present, and then made a charge against Glaser. Glaser made some excuse to go to the closet, where, as Wolter testified under oath, he attempted to destroy the Kuechling letter by tearing it up and throwing the pieces in the basin. They were rescued and pieced together, and Kuechling testified under oath that the letter was a forgery. It is difficult for us to understand upon what theory petitioner questions the sufficiency of this evidence. Had the facts taken place here it is inconceivable that any committing magistrate would have hesitated for a moment to hold Glaser for the action of the grand jury, under the charges of forgery and of uttering forged documents.

It is unnecessary to go in further detail through the other charges. In cases where one is charged with uttering forged notes, and similar crimes, evidence as to other offenses is admissible. Sapir v. U. S. (C. C. A., 2d Circuit, November 9, 1909) 174 Fed. 219. With the illumination cast upon the petitioner by the testimony under the first charge, it is sufficient to say that there is quite enough in the depositions presented by the demanding government to warrant the commissioner in holding, as to all the charges, that he should be sent to answer them to the country from which he fled.

Both orders are affirmed.