### In re URZUA.

(Circuit Court, S. D. New York. June 20, 1911.)

1. EXTRADITION (§ 14*)—REQUISITION—CERTIFIED COPY—FAILURE TO PRODUCE—CURING ERROR.

Failure to produce a certified copy of a requisition from a foreign country before the commissioner in extradition proceedings was cured, where a properly certified copy of the requisition on file in the office of the Secretary of State was submitted to the court at the hearing of a writ of habeas corpus.

[Ed. Note.—For other cases, see Extradition, Dec. Dig. § 14.*]

2. HABEAS CORPUS (§ 112*)—DISMISSAL—ORDER—CAPTION.

It was no objection to an order dismissing a writ of habeas corpus that it was entitled in the Circuit Court of the Southern District of New York, without naming any particular term in the caption; the court being always open to issue and dispose of such writs.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 101; Dec. Dig. § 112.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**8. EXTRADITION (§ 14*)—WARRANT OF ARREST—PROOF.**

Where, in extradition proceedings on a requisition from Mexico, depositions, properly authenticated, stated that sufficient evidence having been forthcoming to proceed against petitioner as the presumed slayer of R. in accordance with specified articles of the Code of Penal Procedure, that the order be issued from headquarters, signed, and affirmed, etc., and that on the same day with the above decree the order of arrest was issued in accordance with the provisions of the decree duly signed, there was sufficient proof of the issuance of a warrant of arrest to sustain the proceedings.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. § 16; Dec. Dig. § 14.*]

**4. EXTRADITION (§ 14*)—COMMISSION OF OFFENSE—EVIDENCE.**

Where, in extradition proceedings for murder, the evidence, though circumstantial, was so strong that, if produced before a committing magistrate in the state where petitioner was arrested and applied for habeas corpus, as proof of an assassination committed there, it would have been the commissioner's duty to hold accused to await subsequent proceedings, it was sufficient to sustain an order for his return.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. § 16; Dec. Dig. § 14.*]

In the matter of application for extradition of Roberto Urzua, alias Deinhart. Habeas corpus and certiorari to review the action of the United States commissioner in holding petitioner for extradition to Mexico on charge of murder. Finding of commissioner affirmed, and habeas corpus dismissed.

See, also, Ex parte Dinehart, 188 Fed. 858.

Henry A. Wise, U. S. Atty.

Richard Krause, for petitioner.

Edward L. Tinker, for Mexican Consul.

LACOMBE, Circuit Judge. [1] The first point raised is that there was not produced before the commissioner a certified copy of the requisition from the republic of Mexico which is on file in the office of the Secretary of State. It is not necessary to discuss the effect of the letter of the Mexican ambassador, which was submitted as proof of the making of the requisition, because a copy of the original document, duly certified by the State Department, has been submitted to this court. The objection is technical merely, and the production here of the proper document sufficiently cures it.

[2] 2. The objection that an earlier proceeding by habeas corpus had not terminated is not well taken. The order dismissing the writ was entitled in the Circuit Court of the Southern District of New York, and is manifestly a court order. It was not necessary to name any particular term in the caption. For the purposes of issuing and disposing of writs of habeas corpus the court is always open.

[3] 3. As to issuing of a warrant of arrest as a perquisite to a requisition, it is not necessary to discuss section 5270 of the Revised Statutes (U. S. Comp. St. 1901, p. 3591), nor Grin v. Shine, 187 U. S. 181, 23 Sup. Ct. 98, 47 L. Ed. 130. The depositions from Mexico, properly authenticated, state that:

"Sufficient evidence having been forthcoming to proceed against Roberto Urzua as the presumed slayer of Jose Ruesga, in accordance with articles 244,

245, and 246, subsec. 4, of the Code of Penal Procedure, let the order be issued from headquarters. The judge of the Third criminal district so decrees.
                              "[Signed]   Francisco S. Palafox.
                                          "C. Gonzalez Madrid.
"Affirmed by the Public Minister.
                              "[Signed]   Jose A. Aguyo.
                                          "C. Gonzalez Madrid.
  "On the same day with the above decree the order of arrest was issued in accordance with the provisions of that decree.
                              "[Signed]   Gonzalez Madrid."

This was sufficient proof of the issuance of a warrant of arrest. The days when federal courts were astute to defeat requisitions, where the evidence indicated quite clearly that an extraditable offense had been committed, on highly technical grounds, have long since passed, and the earlier authorities on the procedure in extradition are not as persuasive as they once were.

4. There is no force in the contention that the requisition charges petitioner, not with murder, but with homicide. Reference to the treaty, whose clauses are printed in parallel columns in English and Spanish, shows that the word "homocidio" was considered by the two governments as the equivalent of "murder," including among other crimes "asesinato," or "assassination." The proofs show that it is that variety of "homicidio" which is known as "asesinato" with which petitioner is charged.

[4] 5. It is unnecessary to discuss the evidence. Although circumstantial, it is so strong that, were it produced before a committing magistrate in this state as proof of an assassination committed here, it would be his duty to hold the accused by imprisonment or under bail to await subsequent proceedings. Ex parte Glaser, 176 Fed. 702, 100 C. C. A. 254.

The findings of the United States commissioner are affirmed, and the writ of habeas corpus is dismissed.