Jaime J. MERINO, Appellant,

v.

Theodore HOCKE, U. S. Commissioner, and the United States of America, Appellees.

No. 17062.

United States Court of Appeals Ninth Circuit.

April 26, 1961.

Sheela, O'Laughlin & Hughes and John F. O'Laughlin and Peter Hughes, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Ernest A. Long, Asst. U. S. Attys., Los Angeles, Cal., for appellees.

Before CHAMBERS, JERTBERG and MERRILL, Circuit Judges.

JERTBERG, Circuit Judge.

Before us is an appeal from an order of the United States District Court denying an application for writ of mandamus and, in the alternative, a motion for an order directing the United States Commissioner to make an order authorizing the taking of depositions by appellant of certain persons residing in the Republic of Mexico for introduction in evidence in an extradition proceeding then pending before the Commissioner.

The jurisdiction of the United States Commissioner Hocke to hear extradition matters is based on said Commissioner's Order of Appointment, dated February 28, 1959. The jurisdiction of the District Court and said United States Commissioner was based upon Section 3184 of Title 18 U.S.C., and the extradition treaty existing between the United States of America and the Republic of Mexico, ratification exchanged April 22, 1899, proclaimed April 24, 1899, as amended, 31 Stat. 1818. This court has jurisdiction to entertain this appeal and to review the order in question under the provisions of Sections 1291 and 1294, Title 28 U.S.C.

The extradition complaint filed February 1, 1960, as amended April 12, 1960, charges in essence that appellant is duly and legally charged with having committed in Mexico the crimes of falsification of the official acts of the Government or public authority and the uttering or fraudulent use of the same; and embezzlement of public funds by a public officer or depository, while employed by Petroleos Mexicanos, an agency of the Government of Mexico, in the capacity of superintendent of the District of Posa Rica, the State of Vera Cruz, Mexico, during the years 1957 and 1958.

The amended extradition complaint further charges that the appellant has been found outside the boundaries of the said Mexico; that a warrant for the arrest of appellant cannot be served in Mexico; and that the appellant has sought asylum within the jurisdiction of the United States of America and may be found in the State of California, City of Redondo Beach; and that said appellant is not a citizen of the United States of America.

On April 25, 1960, appellant moved the United States Commissioner for the Southern District of California, Central Division, for an order authorizing the taking of depositions of certain parties more particularly described therein. Said motion came on for hearing before the United States Commissioner on May 26, 1960, and was denied.

In the motion before the United States Commissioner the appellant sought authority to take depositions of certain individuals domiciled in Mexico. The United States Commissioner denied the motion. The appellant then applied to the United States District Court for a writ of mandamus or, in the alternative, an order in the nature of a writ of mandamus directing the United States Commissioner to:

(1) Make an order authorizing the taking of depositions in the Republic of Mexico by attorneys for appellant, pursuant to the motion made before said Commissioner and denied by him, and in the alternative:

(2) Exercise his discretion in determining whether or not appellant should be granted an order authorizing the taking of depositions in the Republic of Mexico.

Appellant specifies as errors:

(1) That the district court erred in denying appellant's application for a writ of mandamus, compelling the United States Commissioner to permit appellant to take depositions in the Republic of Mexico and, in the alternative, to compel the United States Commissioner to exercise his discretion in permitting the taking of depositions;

(2) That the district court erred in denying appellant's motion for an order directing the United States Commissioner to make an order authorizing the taking of depositions in the Republic of Mexico and, in the alternative, to order the United States Commissioner to exercise his discretion in determining whether or not appellant should be permitted to take depositions in the Republic of Mexico.

Title 18 U.S.C.A. § 3184 provides in substance, in its relevant parts, that whenever there is a treaty or convention for extradition between the United States and a foreign government any justice or judge of the United States, or any commissioner authorized so to do by a court of the United States, may, upon complaint made under oath charging any person found within his jurisdiction with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged that he may be brought before such justice or commissioner, to the end that the evidence of criminality may be heard and considered. If on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the treaty or convention, he shall certify the same, together with a copy of all of the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authority of such foreign government for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

Title 18 U.S.C.A. § 3186 provides in substance that the Secretary of State may order the person committed under Section 3184 to be delivered to any authorized agent of such foreign government to be tried for the offense with which charged.

In the present proceedings, it is not questioned that the crime of which appellant is charged is one set forth in the extradition treaty or convention existing between the United States and Mexico. It is likewise unquestioned that the commissioner has jurisdiction to conduct the hearing provided for by Section 3184. No hearing under Section 3184 has as yet been held.

█ While the instant appeal is from an order of the United States district court denying appellant's petition for a writ of mandamus and, in the alternative, denying appellant's motion in the nature of mandamus, the basic order sought to be reviewed on this appeal is the order of the United States commissioner denying appellant's motion seeking authority to take depositions of certain persons domiciled in Mexico. Clearly, such an order, which the United States district court refused to disturb, is not a final decision. Title 28 U.S.C.A. § 1291 provides for an appeal to this Court only "from * * * final decisions of the district courts of the United States". Neither is the order an interlocutory order as specified in Title 28 U.S.C.A. § 1292, from which appeal to this Court would lie. On "finality" of decision as a prerequisite to appeal see Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, and Cobbledick v. United States, 1939, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.

The commissioner's order is but a preliminary, inconclusive step on the road toward final disposition of the proceeding on the merits. After hearing under Section 3184, the commissioner may deem

the evidence insufficient to sustain the charge and dismiss the proceedings.

Appellant seeks to avoid the requirement of finality by urging that the limited scope of review available to appellant in a habeas corpus proceeding, should the United States commissioner, after the hearing under Section 3184, issue his warrant for the commitment of the appellant, may preclude a review of the commissioner's order and, therefore, such order should now be reviewed by this Court on appeal from the denial by the district court of the extraordinary relief sought in that court. In order to entertain this appeal we would be forced to ignore the facts that no hearing under Section 3184 has as yet been held, speculate on the outcome of such hearing, and substitute the district court's order denying the extraordinary relief sought by appellant as a mode of review from a nonappealable preliminary and interlocutory order. See Roche v. Evaporated Milk Ass'n, 1942, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Frost v. Yankwich, 9 Cir., 1958, 254 F.2d 633.

In our view, appellant's appeal must be and is hereby dismissed.