Jaime J. MERINO, Appellant,

v.

Theodore HOCKE, United States Commissioner, etc., and the United States of America, Appellees.

No. 18271.

United States Court of Appeals
Ninth Circuit.

Nov. 23, 1963.

David C. Marcus, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Newman & Newman and Philip Newman, Los Angeles, Cal., for amicus curiae, Newman & Newman.

Before CHAMBERS and JERTBERG, Circuit Judges, and MURRAY, District Judge.

JERTBERG, Circuit Judge.

The issues presented by this appeal are essentially the same as those presented on the prior appeal which we considered and disposed of in Merino, Appellant, v. Hocke, United States Commissioner, and the United States of America, Appellees, reported in 289 F.2d 636 (9th Cir.1961). Reference is hereby made to that appeal for a complete statement of the proceedings leading up to the prior appeal.

Following our dismissal of the prior appeal, on the ground that the order appealed from was not a final decision from which an appeal could be taken, the hearing contemplated by 18 U.S.C.A. § 3184 was held by the United States Commissioner. Following such hearing the Commissioner found, as a fact, "that the evidence presented is sufficient under 18 U.S.C. 3184 to sustain the charges under the provisions of the treaty, and" concluded "that the defendant should be surrendered to the proper officials of Mexico." From such finding and conclusion the Commissioner ordered "that the defendant stand committed to the custody of the United States Marshal without bail until the surrender shall be made." The finding, conclusion and order were filed on the 12th day of June, 1961.

On December 27, 1961, appellant applied to the United States District Court for a Writ of Mandamus or, in the alternative, an order in the nature of a Writ of Mandamus directing the Commissioner to

"(a) Make an order authorizing the taking of depositions in the Republic of Mexico by attorneys for the said Jaime J. Merino, pursuant to the motion which has heretofore been made before said Commissioner and denied by him, and in the alternative,

"(b) Exercise his discretion in determining whether or not the said Jaime J. Merino should be granted an order authorizing the taking of depositions in the Republic of Mexico."

And in the alternative for an order directing the Commissioner to

"(a) Make an order authorizing the taking of depositions in the Republic of Mexico by attorneys for the said Jaime J. Merino, pursuant to the motion which has heretofore been made before said Commissioner and denied by him, and in the alternative,

"(b) Exercise his discretion in determining whether or not the said Jaime J. Merino should be granted an order authorizing the taking of depositions in the Republic of Mexico."

On April 23, 1962 the District Court entered its order denying appellant's application. The matter before us is appellant's timely appeal from such order.

On June 21, 1961 appellant petitioned the United States District Court for the Southern District of California for a writ of habeas corpus. The District Court ordered all exhibits and the transcript of proceedings held before the United States Commissioner to be received in evidence in the habeas corpus proceeding. On April 3, 1963 the District Court entered its order dismissing the writ. The timely appeal from said order, in Cause No. 18714, is pending in this court. The validity of the basic order of the Commissioner, made on June 12, 1961, committing the appellant to the custody of the United States Marshal for surrender to the proper officials in Mexico is embraced in such appeal.

■■ In the prior appeal we held, in substance, that the order of the United States Commissioner made before the hearing provided for by 18 U.S.C.A. § 3184, denying appellant's motion seeking authority to take depositions of certain persons domiciled in Mexico was not a final decision from which an appeal lies.

The fact that the order appealed from, and which is the subject of the present appeal, was made after such hearing does not impart finality to such order. The denial of appellant's motion is essentially an evidentiary ruling. A litigant may not appeal each adverse evidentiary ruling separately and by itself. On "finality" of decision as a prerequisite to appeal, see Cohen v. Beneficial Indus. Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and Cobbledick v. United States of America, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

Appellant's appeal must be and is hereby dismissed.