Jaime J. MERINO, Petitioner-Appellant,

v.

UNITED STATES MARSHAL, Respondent.

No. 18714.

United States Court of Appeals Ninth Circuit.

Dec. 14, 1963.

Rehearing Denied Jan. 21, 1964.

Sheela, O'Laughlin, Hughes & Hunter and Peter J. Hughes, San Diego, Cal., and David C. Marcus, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Section, and Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Newman & Newman and Philip M. Newman, Los Angeles, Cal., as amicus curiae.

Before CHAMBERS and JERTBERG, Circuit Judges, and MURRAY, District Judge.

JERTBERG, Circuit Judge.

Before us is an appeal from a judgment of the United States District Court for the Southern District of California dismissing a petition for habeas corpus filed by appellant. Said petition for writ of habeas corpus was filed in the District Court after an adverse decision by the United States Commissioner following a hearing pursuant to the provisions of 18 U.S.C. § 3184. Following such hearing the Commissioner found as a fact, "that the evidence presented is sufficient under 18 U.S.C. § 3184 to sustain the charges under the provisions of the treaty, and" concluded "that the defendant should be surrendered to the proper officials of Mexico." From such findings and con-

clusion the Commissioner ordered "that the defendant stand committed to the custody of the United States Marshal without bail until the surrender shall be made."

Jurisdiction of the Commissioner to hear extradition matters is based on said Commissioner's Order of Appointment dated February 28, 1959, and pursuant to the provisions of Title 18 U.S.C. § 3184 and the Treaty of Extradition between the United States of America and the Republic of Mexico, ratification exchanged April 22, 1899, proclaimed April 24, 1899 [31 Stat. 1818], amended by supplemental convention effective July 11, 1926 [44 Stat. 2409], again amended by supplemental convention effective April 14, 1941 [55 Stat. 1133.]

The District Court had jurisdiction to entertain appellant's petition for writ of habeas corpus pursuant to the provisions of Title 28 U.S.C. § 2241(a). This Court has jurisdiction to entertain this appeal under the provisions of Title 28 U.S.C. § 2253.

The extradition complaint filed February 1, 1960, as amended April 12, 1960, charges in essence that appellant is duly and legally charged with having committed in Mexico the crimes of falsification of the official acts of the Government or public authority and the uttering or fraudulent use of the same; and embezzlement of public funds by a public officer or depository, while employed by Petroleos Mexicanos, an agency of the Government of Mexico, in the capacity of superintendent of the District of Poza Rica, the State of Vera Cruz, Mexico, during the years 1957 and 1958.

The amended extradition complaint further charges that the appellant has been found outside the boundaries of the said Mexico; that a warrant for the arrest of appellant cannot be served in Mexico; and that the appellant has sought asylum within the jurisdiction of the United States of America and may be found in the State of California, City of Redondo Beach; and that said appellant is not a citizen of the United States of America.

Prior to the hearing before the United States Commissioner, appellant moved the Commissioner for an order authorizing the taking of depositions of certain persons residing in Mexico. Following denial of said motion by the Commissioner appellant applied to the United States District Court for a writ of mandamus or, in the alternative a motion for an order directing the Commissioner to make an order authorizing the taking of the depositions. The District Court denied the application and motion. Upon appeal to this Court the appeal was dismissed. Merino, Appellant v. Hocke, United States Commissioner, United States Marshal, Appellees, reported 289 F.2d 636 (9th Cir. 1961).

Following the hearing by the Commissioner under the provisions of 18 U.S.C. § 3184, appellant renewed his application for a Writ and Order to the District Court. Following denial of the renewed application and motion by the District Court, appeal from such denial was taken to this Court. The appeal was dismissed by this Court in Merino, Appellant, v. Hocke, et al., Appellees, No. 18271 of this Court, 324 F.2d 687 (9th Cir. 1963).

The Treaty of Extradition between the United States of America and the Republic of Mexico, as amended, in pertinent part provides as follows:

ARTICLE II of the Treaty of February 22, 1899 [31 Stat. 1818] provides in pertinent part:

"Persons shall be delivered up, according to the provisions of this convention, who shall have been charged with, or convicted of, any of the following crimes or offenses:

"1.    *    *    *
"2.    *    *    *
"3.    *    *    *
"4.    *    *    *
"5.    *    *    *
"6.    *    *    *
"7.    *    *    *
"8.    *    *    *
"9.    *    *    *

"10.    The forgery, or falsification of the official acts of the Government

or public authority, including courts of justice, or the utterance or fraudulent use of any of the same.

"11. * * *

"12. * * *

"13. Embezzlement or criminal malversation of public funds committed within the jurisdiction of either party by public officers or depositaries.

"14. * * *

"15. * * *."

ARTICLE III of the same Treaty provides in pertinent part as follows:

"Extradition shall not take place in any of the following cases:

"1. When the evidence of criminality presented by the demanding party would not justify, according to the laws of the place where the fugitive or person so charged will be found, his or her apprehension and commitment for trial, if the crime or offense had been there committed.

"2. When the crime or offense charged shall be of a purely political character.

"3. When the legal proceedings or the enforcement of the penalty for the act committed by the person demanded has become barred by limitation according to the laws of the country to which the requisition is addressed."

ARTICLE VIII of the same Treaty provides in pertinent part as follows:

"Requisitions for the surrender of fugitives from justice, under this present convention, shall be made by the respective diplomatic agents of the contracting parties, or, in the event of the absence of these from the country or from its seat of government, they may be made by superior consular officers.

"If a person whose extradition is asked for shall have been convicted of a crime or offense, a copy of the sentence of the court in which he was convicted, authenticated under its seal, with attestation of the official character of the Judge by the proper executive authority, and of the latter by the minister or consul of the respective contracting party, shall accompany the requisition.

"When, however, the fugitives shall have been merely charged with a crime or offense, a similarly authenticated and attested copy of the warrant for his arrest in the country where the crime or offense is charged to have been committed, and of the depositions upon which such warrant may have been issued, must accompany the requisition as aforesaid.

"Whenever, in the schedule of crimes and offenses of article 2nd, it is provided that surrender shall depend on the fact of the crime or offense charged being punishable by imprisonment or other corporal punishment according to the laws of both contracting parties, the party making the demand for extradition shall furnish, in addition to the documents above stipulated, an authenticated copy of the law of the demanding country defining the crime or offense, and prescribing a penalty therefor.

"The formalities being fulfilled, the proper executive authority of the United States of America, or of the United Mexican States, as the case may be, shall then cause the apprehension of the fugitive, in order that he or she may be brought before the proper judicial authority for examination. If it should then be decided that, according to the law and the evidence, the extradition is due pursuant to the terms of this convention, the fugitive may be given up according to the forms of law prescribed in such cases."

18 U.S.C. § 3184 provides:

"§ 3184. *Fugitives from foreign country to United States.*

"Whenever there is a treaty or convention for extradition between the United States and any foreign

government, any justice or judge of the United States, or any commissioner authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or commissioner, to the end that the evidence of criminality may be heard and considered. If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made."

18 U.S.C. § 3190 provides:

"§ 3190. *Evidence on hearing*

"Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required."

The hearing provided for by Section 3184 consumed approximately two weeks. On behalf of the appellee there was received in evidence, properly and legally authenticated, documents consisting of the petitions for the arrest of appellant for the offenses set forth in the amended complaint, warrants for the arrest of appellant, depositions in support of the warrants of arrest to which there were annexed many documentary exhibits, certifications as to the existence in the laws of Mexico of the offenses set forth in the amended complaint, and certifications as to the creation and the status and powers of Petroleos Mexicanos. In addition to the receipt in evidence of all of the foregoing documents, including the depositions of Mexican citizens whose testimony relate to the facts and circumstances surrounding the commission by the appellant of the offense charged in the amended complaint, there was also received into evidence on behalf of appellee the testimony of a member of the Bar of the Republic of Mexico, and a faculty member of the Law School of the University of Mexico, who qualified as an expert on the law of Mexico. The evidence received on behalf of appellant consisted of documentary exhibits, the testimony of appellant, the testimony of two citizens of Mexico, and the testimony of the Foreign Law Librarian of the Los Angeles County Law Library who qualified as an expert on the laws of Mexico. The District Court ordered that all exhibits and the transcript of proceedings held before the United States Commissioner to be received in evidence in the habeas corpus hearing.

The pertinent provisions of the Criminal Code of the Republic of Mexico relating to the offenses set forth in the amended complaint are:

"ARTICLE 219: To the person who commits the crime of peculation there shall be applied from six months to twelve years of imprisonment, a fine from ten to three thousand pesos, and destitution from em-

ployment or trust, and inhabilitation for from two to six years."

"ARTICLE 220: Every person entrusted with the public service—of the State or an autonomous organization, commits the crime of peculation, even though it be in commission for a limited time and without his having the capacity of an official, who, for personal or alien uses, diverts, from their purpose, money, securities, real estate or any other thing pertaining to the State, to an autonomous organization, or to an individual, if for reasons of his capacity he should have received them in administration, in deposit or for any other cause."

"ARTICLE 243: The crime of forgery of public or private documents shall be punished with reclusion in jail for six months to three years and the fine of fifty to one thousand pesos."

"ARTICLE 244: The crime of forgery of documents is committed by any one of the following means:

"I.—By affixing a false signature or flourish, even though it be imaginary, or altering a true one.

"II.—By unduly profiting from another's signature or flourish in blank, drawing up an obligation, a liberation or any other document that may jeopardize the property, the honor, the person or the reputation of another, or cause some prejudice to society, to the State or to a third party.

"III.—By altering the context of a true document, after it has been concluded or signed, if this should change its sense respecting any circumstance or point that is substantial thereto, whether adding, amending or erasing in all or in part one or more words or clauses, or varying the punctuation.

"IV.—By varying the date or any other circumstance relative to the time of the execution of the act expressed in the document.

"V.—By attributing to himself by the person who draws up a document, or attributing the person in whose name he draws it, a name or an investiture, quality or circumstance which he does not possess, or that it is necessary for the validity of the act concerned.

"VI.—By writing a document in terms that change the convention executed in a diverse one, wherein the statement or profession of the grantor, the obligations which he purported to contract, or the rights which he should have acquired are changed.

"VII.—By altering clauses or statements, or asserting as true facts which are false, or as confessed those which are not, if the document whereon they are written down should be drawn up in order to make them appear as a proof thereof.

"VIII.—By issuing a supposed testimony of documents that do not exist; taking it from another existing one that lacks the legal requisites, falsely supposing that it has them; or from another that does not lack them, but adding or suppressing in the copy something which means a substantial deviation.

"IX.—By altering an expert translator or paleographer the contents of a document when translating or deciphering it."

On this appeal, appellant specifies as errors that the District Court erred:

1. In applying an incorrect standard to determine the sufficiency of the evidence presented to the United States Commissioner;

2. In failing to find the United States Commissioner abused his discretion in finding the evidence sufficient to certify appellant extraditable and failing to find there was no showing before the Commissioner of probable cause to believe that appellant committed any offense within the treaty with the Republic of Mexico;

3. In failing to find either the matters presented before the United States Commissioner taken as a whole, establish that the statute of limitations of the Republic of Mexico had run on the offenses charged, or that the offenses charged against appellant did not fall within the Extradition Treaty; and

4. In failing to find appellant had been denied due process of law and a fair hearing before said United States Commissioner by said Commissioner's refusal to authorize the taking of depositions in the Republic of Mexico.

On this appeal it is not questioned that the United States Commissioner had jurisdiction to conduct the hearing provided for by 18 U.S.C. § 3184.

Appellant's contention that the District Court applied an incorrect standard in determining the sufficiency of the evidence presented to the United States Commissioner to support his order of extradition is based on the District Court's statement that the test was "whether there was any evidence warranting the finding of probable cause to believe the accused was guilty." In this connection the District Court stated:

"Upon an examination of the transcript this court is satisfied that there was evidence before the Commissioner upon which he could come to the conclusion that there was probable cause to believe that defendant should be held to answer the charge."

■ In our view the test laid down by the District Court, in the above quoted statements of the District Court, to determine the sufficiency of the evidence which was before the United States Commissioner is correct. In Fernandez v. Phillips, 268 U.S. 311, at page 312, 45 S.Ct. 541, at page 542, 69 L.Ed. 970 (1925), the Supreme Court stated:

"The alleged fugitive from justice has had his hearing and habeas corpus is available only to inquire whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a some-

what liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty."

To the same effect see Bingham v. Bradley, 241 U.S. 511, 516–517, 36 S.Ct. 634, 60 L.Ed. 1136 (1916); McNamara v. Henkel, 226 U.S. 520, 523, 33 S.Ct. 146, 57 L.Ed. 330 (1913); and Cleugh v. Strakosch, 109 F.2d 330, 333 (9th Cir. 1940).

Appellant contends that the decision of the Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963) "represents a drastic departure from the rules which heretofore appeared to limit the power of Federal Courts to review factual determinations in habeas corpus proceedings." Townsend involved a habeas corpus Federal Court hearing in which the prisoner, who had been convicted following trial in the State Court, claimed a deprivation of rights under the Constitution of the United States. We believe such case to be inapposite in the field of international extradition.

■ It is clear to us that the offenses set forth in the amended complaint are offenses defined and made punishable under the provisions of the Criminal Code of the Republic of Mexico, and are offenses set forth in the Extradition Treaty existing between the United States and Mexico.

The expert witnesses differed in their opinions as to whether or not Petroleos Mexicanos is an agency or authority of the Government of Mexico; whether or not its funds are public funds; whether or not its acts are governmental; and whether or not appellant as Superintendent of Petroleos Mexicanos in the District of Poza Rica was or was not a public officer.

Such conflicts were resolved by the Commissioner adversely to the contentions of appellant. The credibility of witnesses and the weight to be accorded their testimony are within the province of the Commissioner.

■ From our review the competent evidence of criminality in the record is sufficient to have justified, according to the laws of the State of California, appellant's apprehension and commitment for trial if the offenses set forth in the amended complaint had been committed in the State of California. The weight and sufficiency of the evidence was for the determination of the Commissioner. Cleugh v. Strakosch, supra.

[4] The expert witnesses also differed in their opinions as to the period of the statute of limitations under the Criminal Code of the Republic of Mexico. The law appears to be well settled that in the absence of treaty provisions, the statute of limitations may not be raised in extradition proceedings. Hatfield v. Guay, 87 F.2d 358, at 364 (1st Cir. 1937); First National City Bank of New York v. Aristeguieta, 287 F.2d 219, at 227 (2nd Cir. 1960).

■ Attention is called to the provisions of paragraph 3 of Article III of the Treaty, which provides that extradition shall not take place when the legal proceedings, or the enforcement of the penalty for the act committed by the person demanded "has become barred by limitation according to the laws of the country to which the requisition is addressed." The statute of limitations on Federal crimes in the United States is five years for noncapital offenses. 18 U.S.C. § 3282. Section 799 of the Penal Code of California provides that there is no time within which a prosecution for the embezzlement of public monies and the falsification of public records must be commenced, and such prosecution may be commenced at any time after the discovery of the crime.

The record reveals that the appellant was relieved from his duties as Superintendent for Petroleos Mexicanos of the District of Poza Rica on December 28, 1958, and was apprehended in the County of Los Angeles, State of California, on February 1, 1960. The Commissioner did not err in concluding that prosecution of the offenses set forth in the amended complaint was not barred by the statute of limitations.

■ Finally appellant argues that he was denied due process of law and a fair hearing before the Commissioner because of the Commissioner's refusal to authorize the taking of depositions in Mexico.

It is to be noted that the proceedings against appellant were in the nature of a preliminary hearing, and the purpose of the proceedings was not to determine the guilt of the appellant of the offenses set forth in the amended complaint beyond all reasonable doubt but only to determine that the offenses had been committed and that there was probable cause for belief that the appellant committed them. It is also to be noted that appellant was permitted to testify in his own behalf and that there is in the record the testimony of two *live* witnesses from Mexico who gave testimony on behalf of appellant. Appellant has cited no authority resting in the Commissioner to compel the taking of depositions in Mexico or, if authorized, that such order would have had any legal effect in Mexico. In seeking the order for the taking of the depositions appellant cites in the points and authorities submitted to the District Court, Rule 15(a), Federal Rules of Criminal Procedure, Rule 26, Federal Rules of Civil Procedure, 28 U.S.C. § 1781 and 18 U.S.C. § 3191.

■ Rule 15(a) provides for defense depositions under certain situations in the course of Federal prosecutions and provides that the appropriate motion must be made "after the filing of an indictment or information * * *." Such rule does not provide for the use of defense depositions at preliminary examinations. Furthermore, Rule 54(b) (5) of said rules provides that the said rules of Criminal Procedure "are not applicable to extradition and rendition of fugitives; * * *."

Rule 26, Federal Rules of Civil Procedure provides for the taking of depositions in civil actions. Appellant cites

no authority that such rule is applicable to the field of international extradition.

[8–10] Title 28 U.S.C. § 1781 provides that a court of the United States may issue letters rogatory or a commission to take depositions in foreign countries. There is nothing in the record to indicate appellant requested letters rogatory of a court of the United States.

Title 18 U.S.C. § 3191 provides:

"§ 3191. *Witnesses for indigent fugitives*

"On the hearing of any case under a claim of extradition by a foreign government, upon affidavit being filed by the person charged setting forth that there are witnesses whose evidence is material to his defense, that he cannot safely go to trial without them, what he expects to prove by each of them, and that he is not possessed of sufficient means, and is actually unable to pay the fees of such witnesses, the judge or commissioner hearing the matter may order that such witnesses be subpenaed; and the costs incurred by the process, and the fees of witnesses, shall be paid in the same manner as in the case of witnesses subpenaed in behalf of the United States."

It appears that the statute is designed to secure, on behalf of indigent fugitives, the attendance of resident witnesses at the hearing provided for by the provisions of 18 U.S.C. § 3184, and not witnesses residing in a foreign country since the attendance of witnesses residing in a foreign country would not be compellable by subpoenas. Furthermore, the statute requires the filing of an affidavit by the person charged, that he is not possessed of sufficient means and is actually unable to pay the fees of such witnesses. No such affidavit was filed in the instant case. See Jimenez v. Aristeguieta, 311 F.2d 547 (5th Cir. 1962).

Finally, in support of his contention that he was denied due process of law and a fair hearing by the Commissioner's refusal to authorize the taking of depositions in the Republic of Mexico, appellant cites many decisions of the courts of California wherein the rights of persons accused of crime in that state have been expanded in the pretrial and trial stages. Also cited are the following decisions of the Supreme Court: Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In our view the principles set forth in the cases relied upon are not applicable to a preliminary examination in an international extradition case. See Oteiza y Cortes v. Jacobus, 136 U.S. 330, 10 S.Ct. 1031, 34 L.Ed. 464 (1890).

The order appealed from is affirmed.