**Morris ZANAZANIAN,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 83–5662.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1983.

Decided March 29, 1984.

Gary B. Fleischman, Beverly Hills, Cal., for petitioner-appellant.

Daniel J. Gonzalez, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before FLETCHER and NELSON, Circuit Judges, and CORDOVA,* District Judge.

FLETCHER, Circuit Judge:

Morris Zanazanian appeals from the denial of his petition for writ of habeas corpus. Zanazanian was taken into federal custody by order of a federal magistrate finding him extraditable to Sweden for smuggling and narcotics offenses.

On appeal, Zanazanian contends that the documents used to demonstrate probable cause that he committed the charged offenses were not "competent legal evidence" because they consist solely of reports of unsworn hearsay statements. He also argues that these reports, even if competent, cannot alone support extradition absent corroborating evidence.

## FACTS

The documents presented at the extradition hearing include police reports of interrogations of suspects involved in the same narcotics activities for which Zanazanian is charged. The reports are detailed descriptions of the suspect's personal dealings with Zanazanian. They are not the suspect's first person accounts, but rather, third person accounts of what the suspect said. Each report appears on a form which includes the names of the interrogating officers, the name of the suspect, and the date, time, and place of the interrogation.

Each contains a statement that the interrogation was recorded on tape and either heard and approved by the suspect, or approved without being played back, or that the officer's notes were read and approved by the suspect. The reports are not sworn or signed by either the suspect or the interrogating officers.

Also presented below was a record of the court proceedings in the Sollentuna [Swedish] District Court, which resulted in a warrant for Zanazanian's arrest. The court record recites in part the following:

> The Prosecutor declares on oath that he will tell the truth, the whole truth, and nothing but the truth. He then states as follows: With reference to my oath, I declare that the contents of my statements with annexes submitted to the Ministry for Foreign Affairs on April 1, 1982, in respect of the request for extradition of ... Morris Zanazanian from the United States of America to Sweden, constitute a true representation of the results of the preliminary investigation up to that date.

The "statements with annexes" referred to are the prosecutor's own statement summarizing the results of the investigation and the reports of interrogations described above.

The Head of the Legal Division of the Ministry for Foreign Affairs, Stockholm, sealed and certified all the documents and their English translations as "admissible according to Swedish law as extradition documents for proceedings before a Swedish court." The U.S. Ambassador to Sweden also sealed and similarly certified the documents as "properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by the tribunals of Sweden."

## ISSUE

 Our inquiry on petition for writ of habeas corpus challenging an extradition order is limited to whether:

---

* Hon. Valdemar A. Cordova, United States District Judge for the District of Arizona, sitting by designation. Judge Cordova participated in the deliberations and concurred in the result but due to illness did not review the opinion.

1. the extradition judge had jurisdiction to conduct proceedings;
2. the extradition court had jurisdiction over the fugitive;
3. the extradition treaty was in full force and effect;
4. the crime fell within the terms of the treaty; and
5. there was competent legal evidence to support a finding of extraditability.

*Caplan v. Vokes,* 649 F.2d 1336 (9th Cir. 1981). Zanazanian challenges the district court's resolution of the fifth inquiry only. Extradition to Sweden must be based on competent evidence that would be sufficient under local (U.S.) law to hold the defendant for trial. Convention on Extradition with Protocol, Oct. 24, 1961, United States-Sweden, Art. III, 14 U.S.T. 1845. The evidence must demonstrate probable cause to believe that the accused committed the crime charged. *Merino v. U.S. Marshall,* 326 F.2d 5, 12 (9th Cir.1963). Zanazanian argues the evidence was not competent because it was unsworn multiple hearsay. He also argues that even if admissible, the unsworn multiple hearsay is too unreliable to establish probable cause by itself, and is insufficient absent other corroborating evidence.

## DISCUSSION

■ When reviewing a magistrate's finding of probable cause in an extradition proceeding, the court examines the record to see whether there was competent evidence to support the conclusion that there was probable cause to believe the petitioner guilty. *Merino v. U.S. Marshall,* 326 F.2d at 11 (9th Cir.1963), citing *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925). The competency of the evidence upon which the magistrate relied is the issue before us.

■ A magistrate may certify extraditability only if "he deems evidence sufficient to sustain the charge under the provisions of the proper treaty or convention." 18 U.S.C. § 3184. The extradition treaty between the United States and Sweden provides that

surrender [of the accused] shall take place only upon such evidence of criminality as, according to the laws of the place where the person sought shall be found, would justify his commitment for trial if the offense had been there committed.

Convention on Extradition, *supra,* Art. III. On the basis of this language, Zanazanian argues that his extradition must be predicated on evidence that would be admissible at a preliminary hearing or before a grand jury in the United States. Such evidence, he argues, would not include written reports of unsworn hearsay statements, or multiple hearsay. It is already well established that at least one level of hearsay is competent for extradition purposes. The Supreme Court, interpreting treaty language similar to that in this case, has held that "[t]he phrase 'such evidence of criminality' as used in the treaty refers to the scope of the evidence or its sufficiency to block out those elements essential to a conviction. It does not refer to the character of specific instruments of evidence or to the rules governing admissibility"; therefore, the court noted, "unsworn statements of absent witnesses may be acted upon by the committing magistrate, although they could not have been received by him under the law of the state on preliminary examination." *See Collins v. Loisel,* 259 U.S. 309, 317, 42 S.Ct. 469, 472, 66 L.Ed. 956 (1922).

This court invoked *Collins* in *United States ex rel. Sakaguchi v. Kaulukukui,* 520 F.2d 726 (9th Cir.1975), to find competent an investigation report by Japanese police which reviewed, among other items, hearsay statements of numerous witnesses. It stated that "[a]ppellant's attempt to rationalize a rule contrary to *Collins v. Loisel* ... without citation of any cases supporting his position, is a futile endeavor." 520 F.2d at 730. It cited with approval the language that "unsworn statements of absent witnesses may be acted upon".

The court also noted that to eliminate hearsay from extradition proceedings would run counter to one of the primary objectives of bilateral extradition treaties,

namely, "to obviate the necessity of confronting the accused with the witnesses against him; ... [requiring] the demanding government to send its citizens to another country to institute legal proceedings would defeat the whole object of the treaty." 520 F.2d at 728, citing *Bingham v. Bradley*, 241 U.S. 511, 517, 36 S.Ct. 634, 637, 60 L.Ed. 1136 (1916).

■ Neither the applicable treaty nor United States law requires that evidence offered for extradition purposes be made under oath. The U.S.—Sweden treaty permits a request for extradition to be supported by:

"... the depositions, record of investigation, or other evidence upon which such warrant or order for arrest may have been issued and such other evidence or proof as may be deemed competent in the case."

Convention on Extradition, *supra*, Art. XI (emphasis added). The provision does not require that the submitted documents contain only statements made under oath. By contrast, other extradition treaties do require sworn statements. *See, e.g.*, Treaty on Extradition, Jan. 18, 1973, United States —Italy, 26 U.S.T. 493, 501; Extradition Treaty, June 8, 1972, United States—United Kingdom, 28 U.S.T. 227, 321; Convention Relating to Extradition, Dec. 10, 1962, United States—Israel, 14 U.S.T. 1707, 1711.

■ United States law requires only that the submitted documents be properly authenticated:

Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required.

18 U.S.C. § 3190. The documents in this case were authenticated; Zanazanian presents no evidence or argument to the contrary.

We next consider Zanazanian's contention that multiple hearsay does not constitute competent evidence. He argues in substance that while a verbatim report of the witness's actual statement may be competent, a police officer's report describing a witness's statement is quite a different matter. These reports, he submits, are particularly unreliable because they are, as appellant describes them, "only summaries and bits of conversations as recollected by the interrogating police officers." While we acknowledge that the extra hearsay step might in certain cases result in decreased reliability, we believe that the reports in this case are sufficiently reliable to be deemed competent.

These reports are not, as Zanazanian contends, merely fragments of half-forgotten conversations. They are abundant in detail, containing specifics of time and place, price and quantity. Moreover, they appear to have been prepared on the basis of tape recordings and notes made during the actual interrogation. Each report indicates that the interrogation was recorded. Each contains a statement that the suspect approved the tape or that he had listened to a reading of the officer's notes and approved. Under the circumstances, we cannot say they are significantly less reliable than a signed witness's statement or transcript, the customary forms for reporting the results of police interrogations in this country.

As to Zanazanian's argument that the reports alone, even if competent, are too unreliable to establish probable cause, we cannot agree. All involve accomplices' confessions to participation in Zanazanian's illegal activities. This circuit has held that the self-incriminating statements of accomplices are sufficient to establish probable cause in an extradition hearing. *Curreri v. Vice*, 77 F.2d 130, 132 (9th Cir.1935); *see also Eain v. Wilkes*, 641 F.2d 504, 510 (9th Cir.1981) (statements of an accomplice against penal interest are reliable and ad-

missible in extradition hearings), *cert. denied,* 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208. Although the accomplice statements in *Curreri* were sworn, that should not make a difference absent an oath requirement in the treaty. The fact that they were given to the police and incriminated the speakers themselves sufficiently indicates their reliability. See *Curreri,* 77 F.2d at 132; *Eain,* 641 F.2d at 510; *see also Ex Parte Glaser,* 176 F. 702 (2d Cir.1910) (statements given in German court but not under oath admissible in extradition hearing); *Elias v. Ramirez,* 215 U.S. 398, 30 S.Ct. 131, 54 L.Ed. 253 (1910) (unsworn depositions admissible in extradition hearings).

The judgment is affirmed.