**UNITED STATES of America, Plaintiff,**

v.

**Allen David TAITZ, Defendant.**

**Crim. No. 90–1251m.**

United States District Court, S.D. California.

Feb. 7, 1991.

William Braniff, U.S. Atty., Joseph P. Brannigan, Asst. U.S. Atty., San Diego, Cal., for plaintiff.

Charles Goldberg, Patrick Q. Hall, Goldberg, Frant & Hall, San Diego, Cal., for defendant.

## AMENDED MEMORANDUM DECISION

BARRY TED MOSKOWITZ, United States Magistrate Judge.

### I. *Background*

In this case the United States government is seeking the extradition of Allen David Taitz to the Republic of South Africa. Taitz stands accused by the government of South Africa of 434 counts of fraud in connection with an operation whereby Taitz allegedly smuggled diamonds from South Africa to Swaziland, sold them in the latter country, and failed to pay taxes on these sales to South Africa as required by South African law.

This court held an evidentiary hearing to determine whether Taitz would be returned to South Africa pursuant to the extradition treaty between the United States and South Africa and pursuant to the law of the United States governing extradition hearings. *See generally* Extradition Treaty, Dec. 18, 1947, United States—Union of South Africa, 2 U.S.T. 884, T.I.A.S. No. 2243; 18 U.S.C. § 3181 *et seq.* (1988). At

this hearing, Taitz sought to introduce into evidence three affidavits, one from a witness concerning facts related to the charged offense, and two affidavits from members of the bar of Johannesburg, in support of his argument that the crimes with which he is charged are not extraditable under the Treaty. The government opposed the introduction of these affidavits into evidence on the ground that a defendant may not introduce hearsay evidence at an extradition hearing. I conclude that the defendant may introduce hearsay evidence but not in the form offered in the present case.

## II. *Analysis*

■ Rules 801–806 of the Federal Rules of Evidence govern the admissibility of hearsay statements. However, the Federal Rules of Evidence are not applicable to "proceedings for extradition" Fed.R.Ev. 1101(d)(3). The applicable cases hold that hearsay evidence is admissible at extradition hearings. However, an examination of the cases reveals that this statement is usually made in the context of arguments by the defendant that the court erred in relying on hearsay evidence in finding the defendant extraditable. *See e.g. Zanazanian v. United States*, 729 F.2d 624 (9th Cir.1984). Thus, the law is clear that the government may offer hearsay evidence.

The government has cited no authority, nor have I found any, that precludes the defendant from offering hearsay evidence in general at an extradition hearing. In *Benson v. McMahon*, 127 U.S. 457, 8 S.Ct. 1240, 32 L.Ed. 234 (1888), the Supreme Court noted that the standard of sufficiency of evidence at extradition hearings is similar to "those preliminary examinations which take place everyday in this country before an examining or committing magistrate for the purpose of determining whether a case is made out which will justify the holding of the accused ... to answer to an indictment." 127 U.S. at 463, 8 S.Ct. at 1243. Defendants are not precluded from offering hearsay evidence in preliminary examinations under Fed.R. Crim.P. 5.1. Furthermore, Fed.R.Ev. 1101(d)(3) provides that the Rules of Evi-

dence, including the hearsay rules, are inapplicable to extradition hearings. Rule 1101(d)(3) does not distinguish between evidence offered by the government or the defendant. Finally, the purposes served by admission of hearsay evidence at extradition hearings, saving foreign residents from having to travel to the extradition hearing, is served equally by allowing both parties to offer such evidence. Given the limited scope of evidence that the defendant can offer, *see Hooker v. Klein*, 573 F.2d 1360 (9th Cir.1978), allowing a defendant to offer hearsay evidence will not impede the extradition hearing. Therefore, I hold that a defendant may generally offer hearsay evidence at an extradition hearing.

■ In this case, the defendant has offered hearsay evidence not through the testimony of witnesses sworn at the hearing but through the declarations of two South African attorneys and a fact witness. 18 U.S.C. § 3190 provides that:

> Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, as offered, are authenticated in the manner required.

(1988). Section 3190, enacted in 1948, is virtually identical to the 1882 statute upon which it is based. *See* 18 U.S.C. § 3190 reviser's note.

The leading case governing the introduction of documentary evidence by the defendant at the extradition hearing, decided under the 1882 statute, is *In re Luis Oteiza y Cortes*, 136 U.S. 330, 10 S.Ct. 1031, 34 L.Ed. 464 (1890) (*Oteiza*). In that case, Spain sought the extradition of Oteiza for allegedly embezzling public money during his tenure as an employee of the Spanish government in Cuba. At the extradition

hearing, Oteiza sought to introduce into evidence:

[C]ertificates, made by public officers in Cuba, as to the existence of certain facts, and also certain copies of papers, and certain *ex parte* depositions in writing taken in Cuba before a notary public; all of which were sought to be made evidence under certificates made by the consul general of the United States at Havana, certifying that the papers were properly and legally authenticated so as to entitle them to be received "in the tribunals of Cuba as evidence in defense of said charge upon a preliminary hearing before a competent magistrate...."

*Id.* at 336, 10 S.Ct. at 1033. Oteiza argued that this evidence was admissible under the predecessor statute of § 3190. Under the present and former version of Section 3190, the certificate of the principal diplomatic or consular official of the United States in the requesting country is sufficient proof that the evidence would be admissible in that country.

The Supreme Court held that this statute applied only to documentary evidence offered by the government. Thus, the certification procedure was not available to the defendant. The Court stated:

We are of opinion that section 5 of the act of August 3, 1882, [the predecessor of § 3190] applied only to papers or copies thereof, which are offered in evidence by the prosecution to establish the criminality of the person apprehended; and that it does not apply to documents or depositions offered on the part of the accused.

. . . .

*Id.* Oteiza has not been overruled and is still binding precedent. *See First National City Bank of New York v. Aristeguieta,* 287 F.2d 219, 222 (2d Cir.1960); *Matter of Demjanjuk,* 603 F.Supp. 1463, 1465 (N.D. Ohio 1984) (defendant may not introduce

testimony via affidavit pursuant to § 3190), *aff'd sub nom., Demjanjuk v. Petrovsky,* 776 F.2d 571 (6th Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986); *U.S. ex rel. Karadzole v. Artukovic,* 170 F.Supp. 383, 388 (S.D.Cal.1959) (*ex parte* affidavits submitted by defendant excluded). Under this construction of Section 3190, Taitz cannot offer certified copies of declarations of South African attorneys.

Taitz cites six cases in support of the theory that expert testimony in the form of affidavits are admissible at an extradition hearing on behalf of the defendant. *See* Defendant's Extradition Memorandum at 49–50. All of these cases are distinguishable from the present one. In several of the cases,[1] the *government* sought to introduce evidence that the *defendant* challenged as inadmissible. It is clear that the government may avail itself of the authentication procedure of § 3190 but that the defendant may not. It is also clear that the hearsay evidence normally inadmissible at a criminal trial is admissible at an extradition hearing on behalf of the government if properly authenticated under § 3190. *See Emami v. U.S. Dist. Court For N. Dist. of Cal.,* 834 F.2d 1444, 1451 (9th Cir.1987); M. Cherif Bassiouni, *International Extradition—U.S. Law and Practice* § 5.5.2 (2d rev. ed. 1987). These cases are inapplicable to the issue presented here because they did not address the distinct question of whether the defendant may introduce hearsay or expert testimony in affidavit form. In one of the six cases cited by Taitz[2] the court did not reach the precise issue involved here. The Seventh Circuit noted that "[t]he magistrate held an extensive hearing, complete with experts, exhibits and much other evidence, to try to determine whether there was compliance with Swedish law" on the issue of whether defendant was formally charged in Sweden with an extraditable crime. *Id.* at 1244. It

---

**1.** *Benson v. McMahon,* 127 U.S. 457, 461, 8 S.Ct. 1240, 1242, 32 L.Ed. 234 (1988); *Escobedo v. U.S.,* 623 F.2d 1098, 1102 & n. 10 (5th Cir.), *cert. denied,* 449 U.S. 1036, 101 S.Ct. 612, 66 L.Ed.2d 497 (1980); *Merino v. U.S. Marshal,* 326 F.2d 5, 9 (9th Cir.1963), *cert. denied,* 377 U.S. 997, 84 S.Ct. 1922, 12 L.Ed.2d 1046 (1964); *Argento v. Horn,* 241 F.2d 258, 263 (6th Cir.), *cert. denied,*

355 U.S. 818, 78 S.Ct. 23, 2 L.Ed.2d 35, *reh. denied,* 355 U.S. 885, 78 S.Ct. 145, 2 L.Ed.2d 115 (1957).

**2.** *Matter of Assarsson,* 635 F.2d 1237, 1244 (7th Cir.1980), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2017, 68 L.Ed.2d 325 (1981).

is not clear which party offered this evidence, but it appears that defendant did not argue in the appeal of the district court's denial of habeas relief that any evidence presented on his behalf was improperly excluded by the magistrate. Since the Seventh Circuit was not presented with this question, this case does not stand for the proposition that a defendant may introduce expert testimony by affidavit. Finally, *Matter of Demjanjuk, supra,* permits defendant to introduce live expert testimony only. *See* 603 F.Supp. at 1465. Taitz seeks to introduce affidavits.

■ The purpose of Section 3190 is to afford the government an efficient method of satisfying obligations under extradition treaties. *In re Luis Oteiza y Cortes, supra.* Extradition treaties would become unmanageable if the requesting country had to send its witnesses to the country holding the defendant. Since the requesting nation has the burden of establishing probable cause, it has been given the convenience of the procedures under Section 3190. The defendant can only offer evidence limited to explaining the government's proof. He cannot offer contradictory evidence. *Hooker v. Klein,* 573 F.2d 1360 (9th Cir.1978). Under this standard, there is less of a necessity for a defendant to provide testimony from persons in the requesting nation. The defendant is not without procedural devices to obtain and offer evidence appropriate at an extradition hearing. *See Merino v. United States Marshal,* 326 F.2d 5, 13 (9th Cir. 1963). The Supreme Court held one hundred years ago that the procedure under Section 3190 is not one available to the defendant. Taitz is not precluded from offering the testimony set forth in the three affidavits. He cannot, however, offer it in the form of affidavits.

For the reasons set forth above, the court sustains the objection of the United States to the admission into evidence of defendant's exhibits D–5, D–7 and D–15.

IT IS SO ORDERED.