**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VLADIMIR BLASKO, | No.   22-15830 |
| Petitioner-Appellant, | D.C. No.<br>1:18-cv-01649-DAD-SAB |
| v. | |
| LASHA BOYDEN, Acting United States<br>Marshal for the Eastern District of<br>California, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted July 20, 2023
San Francisco, California

Before:  SILER,** WARDLAW, and M. SMITH, Circuit Judges.

Vladimir Blasko ("Blasko") appeals a district court order denying habeas

relief from the certification of his extradition to Slovakia.  On April 15, 2013, the

Nitra District Court in Slovakia entered a criminal judgment *in absentia* against

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Blasko for abuse of power by a public official and misdemeanor infliction of bodily harm in violation of the Slovakian Penal Code, and sentenced him to four years in prison. According to the judgment, Blasko, while on duty as a police officer, beat a bar patron to the point of hospitalization in 2007. The Slovakian police department terminated Blasko in 2009, and Blasko arrived in the United States on a student visa on February 26, 2010, and remained after his visa expired on May 7, 2010.

Blasko contends that the applicable Slovakian statute of limitations bars his extradition, and that the government failed to present "competent evidence" sufficient to establish probable cause. Exercising our jurisdiction under 28 U.S.C. § 2253(a), we affirm.

1. The district court did not err in determining that the applicable Slovakian statute of limitations had not expired when Blasko was arrested on October 6, 2017. Subsection 3 of Article 90 of the Slovakian Criminal Code imposes a five-year statute of limitations for the execution of punishment for Blasko's offenses, which "shall not include the period during which the punishment could not be enforced because the convicted sojourned abroad with the intent to avoid the punishment." Here, absent tolling, the statute of limitations would have run on April 15, 2018, almost six months after Blasko had been arrested in the United States. While Blasko was entitled to contest his extradition

2

in court, it does not follow that the statute of limitations was not tolled while he chose to fight extradition.

The extradition court properly deferred to a Slovakian judge's declaration that concluded that "[t]he fact that Mr. Blasko has been fighting against his extradition, after being arrested in October 2017, confirms that he has known about the judgment and that he has sojourned abroad with the intent to avoid punishment under Article 90(3)." Contrary to Blasko's arguments, Article V of the Extradition Treaty Between the United States of America and the Slovak Republic (the "Treaty") does not require us to conduct an "independent analysis" of the meaning of Slovakia's statute of limitations.

Moreover, the district court did not defer solely to the Slovakian judge's interpretation of the applicable statute of limitations, but conducted its own analysis of the textual meaning of "sojourned abroad with the intent to avoid the punishment." While Blasko contends that he did not have "meaningful knowledge" of the criminal proceedings against him until his arrest, there is ample evidence that Blasko was aware of the charges against him prior to October 2017. According to Blasko's second international arrest warrant dated January 21, 2014, a criminal prosecution against Blasko in connection with the incident began on July 17, 2007, and charges were brought against him on January 8, 2008, while Blasko remained in Slovakia. Blasko's immigration attorney received copies of

Slovakian court documents on June 5, 2015, which discussed his *in absentia* conviction from 2013. Thus, the record strongly supports that Blasko was fully aware of the criminal proceedings before 2017 and stayed in the United States "with the intent to avoid the punishment."

2. The district court properly concluded that "competent evidence" supports the extradition court's probable cause finding. "'[B]ecause the magistrate's probable cause finding is. . . not a finding of fact in the sense that the court has weighed the evidence and resolved disputed factual issues, it must be upheld if there is any competent evidence in the record to support it.'" *Santos v. Thomas*, 830 F.3d 987, 1001 (9th Cir. 2016) (en banc) (quoting *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986)). As in the context of an arrest, "[p]robable cause . . . exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

Here, the extradition court considered at least fifteen detailed witness statements (including six witnesses who appeared at the Slovakian trial), documentary evidence, and an expert medical opinion that were summarized in the Slovakian trial court decision. That evidence overwhelmingly substantiated that Blasko beat a bar patron, unprovoked, for the first time at a bar, and a second time

at a police station. While the evidence might not support guilt beyond a reasonable doubt in an American court, "[c]ompetent evidence to establish reasonable grounds is not necessarily evidence competent to convict." *Sainez v. Venables*, 588 F.3d 713, 717 (9th Cir. 2009) (citation omitted). We have consistently held that hearsay statements, including unsworn hearsay statements that are summarized by a foreign court, can constitute "competent evidence" in extradition proceedings. *See, e.g.*, *Zanazanian v. United States*, 729 F.2d 624, 627 (9th Cir. 1984); *Manta v. Chertoff*, 518 F.3d 1134, 1147 (9th Cir. 2008).

Moreover, while American criminal courts do not conduct *in absentia* proceedings, it is for the executive branch and the Senate, not the judiciary, to examine the procedural fairness of foreign court systems and determine whether they are adequate for extradition purposes. Here, the governing Treaty does not require that we discount evidence from *in absentia* convictions, or that we seek individual sworn declarations from witnesses to extradite a fugitive. Considering the extensive evidence against Blasko detailed in the Slovakian court decision, we affirm that competent evidence supports the extradition court's probable cause finding.

**AFFIRMED.**