NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE TRINIDAD MARTINEZ
SANTOYO,

Petitioner - Appellant,

v.

LASHA BOYDEN, U.S. Marshal for the
Eastern District of CA; MINDY
MCQUIVEY, Chief, U.S. Probation Office
for the Eastern District of CA; MERRICK
B. GARLAND, Attorney
General; ANTONY J. BLINKEN,

Respondents - Appellees.

No. 24-1967

D.C. No.
2:23-cv-00447-DJC-JDP

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Argued and Submitted February 10, 2025
San Francisco, California

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Jose Trinidad Martinez Santoyo appeals from the district court's denial of

his petition for a writ of habeas corpus, which challenged the extradition court's

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

order certifying his extradition to Mexico. He argues that the district court erred in upholding the extradition court's 1) finding of probable cause as to the alleged offense underlying Mexico's request for extradition—intentional aggravated homicide with advantage; 2) exclusion of a forensic report showing the decedent had gunshot residue on one of his hands; and 3) denial of his motion to compel information the United States may have from a prior, unrelated criminal proceeding against the decedent.[1] As the parties are familiar with the facts, we do not recount them here. We review the district court's denial of the habeas petition de novo. *Rana v. Jenkins*, 113 F.4th 1058, 1063 (9th Cir. 2024). We affirm.

1.      "We must affirm the [extradition court's] probable cause finding so long as 'there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.'" *Id.* at 1070 (citation omitted). Three eyewitnesses saw Santoyo shoot the decedent twice in the head with a pistol. Officers found two wounds and two bullet casings consistent with their statements. The witnesses did not mention seeing the decedent carry a weapon of any kind, and details about the decedent's personal belongings and the crime scene do not mention a weapon. The autopsy report is also consistent with the witnesses'

---

[1] Santoyo also argues that the district court erred in holding that the "lapse of time" provision in the Extradition Treaty between the United States and Mexico does not incorporate the Sixth Amendment Speedy Trial Clause. We address this argument in a concurrently filed opinion, in which we affirm.

statements and investigation. Thus, there is competent evidence supporting the extradition court's finding of probable cause as to the charged crime, i.e., that Santoyo shot and killed an unarmed individual. *See Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1407 (9th Cir. 1988) ("[Petitioner's] appeal . . . must fail if there is '*any* evidence of probable cause.'" (citation omitted)).

2.       The extradition court "has broad discretion to determine the admissibility of the evidence before it." *Santos v. Thomas*, 830 F.3d 987, 1007 (9th Cir. 2016). While explanatory evidence that "explains away or completely obliterates probable cause" may be admitted, contradictory evidence, which "merely controverts the existence of probable cause, or raises a defense," is inadmissible. *Id*. at 992 (citation omitted). Here, the forensic report does not obliterate probable cause. Rather, it is contradictory evidence which, at most, allows Santoyo to raise a defense. Thus, the extradition court did not abuse its discretion in declining to admit the forensic report.

3.       "[D]iscovery in an international extradition hearing is limited and lies within the discretion of the magistrate." *Prasoprat v. Benov*, 421 F.3d 1009, 1014 (9th Cir. 2005) (citation omitted). "[T]he principles set forth in [*Brady v. Maryland*, 373 U.S. 83 (1963)] are not applicable . . . in an international extradition case." *Merino v. U.S. Marshal*, 326 F.2d 5, 13 (9th Cir. 1963). And an

extradition hearing is "not the occasion for an adjudication of guilt or innocence." *Oen Yin-Choy*, 858 F.2d at 1406 (citation omitted).

Here, unlike in *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993), on which Santoyo relies, the government did not conduct its own investigation of the offense underlying the request for extradition. *See In re Extradition of Drayer*, 190 F.3d 410, 414 (6th Cir. 1999) (narrowing *Demjanjuk* and distinguishing it on similar grounds). Moreover, Santoyo does not explain how the information he seeks from an unrelated criminal proceeding against the decedent is relevant. And any such information would attack the credibility of the witnesses and be contradictory to Mexico's evidence, which would render the evidence inadmissible. *See Santos*, 830 F.3d at 993 (an accused may not introduce "facts contradicting the government's proof[] or evidence of defenses"); *see also Prasoprat*, 421 F.3d at 1015 (distinguishing *Demjanjuk* by noting the evidence sought by Demjanjuk "related to whether he was in fact the individual who had committed the extraditable offense and thus concerned the probable cause determination"). Therefore, the extradition court did not abuse its discretion in denying the motion.

For all these reasons we affirm.

**AFFIRMED.**