## CARVELL v. UNITED STATES.
### No. 5836.

United States Court of Appeals
Fourth Circuit.

March 11, 1949.

John Wingo Knowles, of Richmond, Va., for appellant.

C. Lee Spillers, U. S. Atty., of Wheeling, W. Va. (D. Paul Camilletti, Asst. U. S. Atty., of Wheeling, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion made in 1948 to set aside a judgment and sentence in a criminal case, entered in 1937, on the ground that appellant was not afforded competent counsel upon his trial. It appears, however, that the court appointed to represent appellant an experienced and competent lawyer, who entered a plea of not guilty in his behalf and represented him throughout the proceedings. There is nothing to show that he was not accorded a just and fair trial, as found by the trial judge. Appellant complains that witnesses whom he desired were not summoned in his behalf; but no complaint on this score appears to have been made during the trial and the trial judge finds as a fact that neither he nor the attorney representing appellant refused to have summoned any witnesses which appellant requested.

Appellant complains that the judge did not grant his request that he be produced at the hearing of his motion; but, assuming without deciding that the judge had power to enter an order that he be produced, it is perfectly clear that the judge was acting well within his discretion in refusing to do so. See 28 U.S.C.A. § 2255. It would destroy all prison discipline if merely by filing a motion with no more merit than the one here, prisoners could have themselves transported about over the country for the purpose of testifying on the hearing of such motions.

Complaint is made that the judge who tried the case passed upon the motion. Not only was there no impropriety in this, but it is highly desirable in such cases that the motions be passed on by the judge who is familiar with the facts and circumstances surrounding the trial,

and is consequently not likely to be misled by false allegations as to what occurred. It was to avoid the unseemly practice of having attacks upon the regularity of trials made before another judge through resort to habeas corpus that section 2255 of Title 28 was inserted in the Judicial Code.

Affirmed.