**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Weldon BURRIS, Defendant-Appellant.**

**No. 16163.**

United States Court of Appeals Seventh Circuit.

Feb. 16, 1968.

Rehearing Denied May 13, 1968.

Charles J. Durham, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Robert J. Weber, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel, for appellee.

Before CASTLE, SWYGERT and CUMMINGS, Circuit Judges.

CASTLE, Circuit Judge.

The defendant-appellant, Weldon Burris, prosecutes this appeal from the judgment of conviction and sentence entered following a jury trial on a six-count indictment charging him and a co-defendant, William B. Trigg, with violations of the federal narcotic laws (26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174). Burris was convicted on the three counts charg-

ing § 174 violations, and because of prior convictions was mandatorily sentenced to a term of ten years' imprisonment on each of the counts, to run concurrently.

The defendant contends on appeal that (1) extra-judicial information, adverse to the defendant, possessed by the trial judge resulted in prejudice which deprived the defendant of a fair trial; (2) the giving of a "flight" instruction constituted plain error requiring a reversal; and (3) the court erred in admitting into evidence two of the government's narcotics exhibits.

The defendant was tried jointly with the co-defendant, William B. Trigg. The claim of prejudice on the part of the trial judge was the subject of detailed consideration in our opinion affirming the conviction of Trigg (United States v. William B. Trigg, 7 Cir., 392 F.2d 860, Opinion filed February 16, 1968). We there rejected contentions identical with those which are here advanced by Burris. What was said there is dispositive here. And, for the purposes of this opinion we adopt the views expressed in *Trigg,* supra. Moreover, none of the matter with respect to which complaint is made could have had impact with respect to the particular sentence imposed on Burris. His prior convictions made mandatory the term of imprisonment imposed.

■■ Defendant does not claim that the flight instruction given is not a correct statement of the law, but contends that there was no factual foundation in the evidence which warranted the giving of an instruction on flight. We find this contention without merit. There is testimony that when government agents approached Burris on the street for the purpose of arresting him, he ran from the agents and after entering a second-floor apartment by means of the stairs at the rear of the building he was successful in escaping the agents' immediate

pursuit. And, that later the same evening, Burris, in a telephone conversation he apparently thought he was having with Trigg [1] stated that he had been at the apartment in question "and the cops came in and I got away". Thus, there was adequate foundation in the evidence for an instruction on flight. The giving of the instruction was not error, much less "plain error" within the purview of Rule 52(b) of the Federal Rules of Criminal Procedure (18 U.S.C.A.). At the time the instruction was proposed by the government, trial counsel for Burris objected. But when counsel for the co-defendant Trigg suggested a modification of the instruction, which the court made, Burris' counsel withdrew his objection. Under the circumstances, the defendant is in no position to assert error in connection with the giving of the instruction. White v. United States, 9 Cir., 315 F.2d 113, 115; United States v. Vasen, 7 Cir., 222 F.2d 3.

Defendant's remaining contention is that the chain or continuity of custody of the narcotics contained in government's exhibits 3 and 4 was not established, and it was therefore error to admit those exhibits in evidence. The testimony establishes that the substance received from Burris by the government agents on two of the occasions involved, July 24 and August 27, 1964, respectively, was on the first occasion put in an initialed bag, and on the second occasion in an envelope, which in each instance was then locked in a lock-sealed envelope, exhibits 3 and 4 respectively, which on each occasion was delivered to the United States Chemist.

The government chemist who testified at the trial that he analyzed the substance —a white powder—and identified it as heroin, stated that he examined the two exhibits, on each occasion, several days after it had been received from the agents. He stated that he did not per-

---

1. A government agent, who was in Trigg's residence at the time of the call, answered the phone and represented that he was Trigg. Burris made an appointment to meet "Trigg" in thirty minutes. He was apprehended when he appeared at the appointed location.

sonally receive the exhibit from the agents, but he did break the seals on each of the locked envelopes, extract the substance contained in the enclosed envelope or bag, analyze it, redeposit it in the envelope or bag, replace it in a lock-sealed envelope and put it in a vault where it remained until produced at the trial. Defendant complains that there is no evidence as to what may have happened to the exhibit and its contents from its delivery date until the chemist opened it for analysis. But the chemist witness did testify with respect to the procedure followed in such cases. He testified to the effect that in order to avoid the situation where two or more chemists would be subject to testifying in the same case, the chemist who first made an analysis in a case would make the analyses of any exhibits which followed. He testified that any such further exhibits that were received were placed in a locked section of the laboratory after being stamped with an electric receiving stamp and initialed by the chemist who received it. It was then later analyzed by the chemist who had made the earlier analysis of exhibits in the same case.

On the basis of this testimony it is patent that the chain of custody was established by evidence sufficient to dispel any inference of substitution or change in the contents of the exhibits in question. The law governing the admission of physical exhibits was satisfied. Brewer v. United States, 8 Cir., 353 F.2d 260, 262; Gallego v. United States, 9 Cir., 276 F.2d 914, 917; United States v. S. B. Penick & Co., 2 Cir., 136 F.2d 413, 415; and United States v. Bailey, 7 Cir., 277 F.2d 560, 565.

The Court expresses its appreciation to Attorney Charles J. Durham, a member of the Chicago, Illinois, bar, for his services on appeal as court-appointed counsel for the defendant.

The judgment order of conviction and sentence appealed from is affirmed.

Affirmed.