Weldon **BURRIS**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 17475.**

United States Court of Appeals,
Seventh Circuit.

July 27, 1970.

Rehearing Denied Sept. 10, 1970.

David C. Roston, Chicago, Ill., for petitioner-appellant.

Thomas A. Foran, U. S. Atty., Kenneth R. Siegan, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee; John Peter Lulinski, Jeffrey Cole, Michael B. Cohen, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, and CUMMINGS and KERNER, Circuit Judges.

CUMMINGS, Circuit Judge.

In 1966, petitioner was convicted on three counts of an indictment charging him with possession of heroin in violation of 21 U.S.C. § 174.[1] On appeal, his conviction was affirmed. United States v. Burris, 393 F.2d 81 (7th Cir. 1968).

Pursuant to 28 U.S.C. § 2255, Burris filed a motion to vacate his sentence. This motion was assigned to the same judge who had sentenced him. The per-

tinent factual grounds of the petition presented on this appeal are as follows:

"4. The petitioner would further show that the trial judge deprived the petitioner of a fair and impartial jury by reciting to visitors in the courtroom, in the presence of the jury, a tragic story that concerned a very dear friend of his, whose two children were addicted to narcotics.

"5. The petitioner would further show that he was denied a fair trial in that the judge sent a coerced verbal instruction to the jury by the U.S. Marshal after they had retired for deliberation and after they had been in deliberation for a period of five hours.

'Tell the jury if they can't reach a verdict in the next 30 minutes I will be compelled to lock them up for the weekend.' "

"7. That during the course of the trial, agent Hughes, agent Turnbou and the prosecuting attorney, Mr. Katz, were seen and overheard discussing the case in a corridor adjacent to the courtroom within 4 or 5 feet of three female members of the trial jury who were seated in said corridor."

"9. That during the course of the trial agent Hughes, a principal witness for the prosecution engaged in a private conversation with a member of the trial jury in a restroom adjacent to the courtroom.

"10. That during the course of the trial, agent Turnbou, a principal witness for the prosecution, engaged in a private conversation with a member of the trial jury in a corridor adjacent to the courtroom."

---

1. He was acquitted of three other counts alleging that he and codefendant Trigg had sold heroin to William Turnbou on three occasions in Chicago in violation of 26 U.S.C. § 4745(a).

Pursuant to a subsequent motion, leave was granted to file an "addendum" amending the original petition. Thereafter, without requesting a response from the Government or holding an evidentiary hearing, the district court summarily denied the petition. The judge's memorandum and order show that upon review of the petition and record in the original criminal trial, he concluded that the basic allegations contained in the petition were unsupported. Specifically, he stated that the "record does not show that the Judge recited to the jury a story of the children of friends who were addicted to narcotics," or that a verbal instruction was sent coercing the jury to an early verdict. The judge also discounted the allegations concerning improper communications between the prosecution and jurors by stating:

· "The allegation that the jurors were permitted in the corridor, where they might hear conversations between the agent and the prosecutor, is untrue, as were the allegations that members of the jury were permitted to use public telephones during the trial in restrooms or corridors adjacent to the Court Room."

■ Petitioner's principal contention on this appeal[2] is that the district judge was obligated by *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473, to hold an evidentiary hearing to establish the truth or falsity of the allegations contained in the petition.

In *Machibroda*, the Court reversed the summary dismissal of a Section 2255 petition whose factual assertions

"while improbable, cannot at this juncture be said to be incredible. If the allegations are true, the petitioner is clearly entitled to relief. Accordingly, we think the function of 28 U.

S.C. § 2255, 28 U.S.C.A. § 2255 can be served in this case only by affording the hearing which its provisions require." 368 U.S. at p. 496, 82 S.Ct. at p. 514.[3]

The opinion carefully pointed out that the "detailed and specific" allegations of the petition, specifically contradicted the Government's response, were not capable of resolution from the motion itself or the "files and records" of the trial court; "[n]or were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection." 368 U.S. at p. 495, 82 S.Ct. at p. 514.

■ In this case, the district judge disposed of the petition without requesting any response or pursuing even a limited inquiry. As to the allegations of improper coercion of the jury and alleged prejudicial speech, the judge's own personal knowledge of his conduct, together with the transcript of proceedings, was sufficient to permit this summary action. Moreover, the alleged coercive weekend lock-up instruction could not have been delivered, formally or informally as suggested by the petition, since the deliberations of the jury commenced on Monday afternoon, May 23, 1966, not before a weekend, and took approximately three hours, not over five as asserted by Burris. There is no record of any prejudicial speech by the judge to visitors in the presence of the jury. Even assuming we were to disbelieve the accuracy of the record, in the absence of any indication as to what was said it is impossible to assume prejudice or harm to defendant sufficient to cause a denial of due process entitling petitioner to relief.

---

2. Among the other points raised on this appeal was the constitutional validity of 21 U.S.C. § 174, under which petitioner was convicted, in light of the Fifth Amendment. This argument has been foreclosed by the Supreme Court's decision in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610.

3. 28 U.S.C. § 2255 requires notice to the United States Attorney and a prompt hearing upon a motion
   "Unless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief * * *."

The remaining three allegations present more difficulty in determining the propriety of the district court's summary action. The petition was filed *pro se* and its allegations, though vague and conclusory, are entitled to a liberal construction. Wilson v. Phend, 417 F.2d 1197, 1199 (7th Cir. 1969). It is difficult, in many instances, to require great specificity and persuasion in a Section 2255 petition. Where, as here, the allegations involve factual matters outside the record and beyond the ready knowledge of the district judge, summary denial of a petition's allegations is questionable. In this case, moreover, the district court dismissed the allegations simply by referring to the fact that the jurors were not permitted access to the areas in question during the trial. We cannot say, however, upon this sparse record, that the district court was incorrect in deciding that these charges of deliberate disregard of court rules and control of jurors were incredible rather than merely improbable or unlikely. Jurors are closely supervised and their access to the corridors adjacent to the courtroom where witnesses and attorneys may be present is sharply limited. No indication of these events was previously brought to the attention of any court, despite the fact that defendant was represented by competent counsel at his trial and on appeal. As the Court in *Machibroda* observed, "[t]he language of the statute does not strip the district courts of all discretion to exercise their common sense." 368 U.S. at p. 495, 82 S.Ct. at p. 514. Although further inquiry might have been preferable to this early dismissal, this petition need not be resurrected. Burris has given no indication of the source of his supposed information, the existence of witnesses, or any pertinent details. The bald allegations of "private conversations" with jurors does not warrant holding that a new trial would have to be granted under constitutional compulsion, thus requiring an evidentiary hearing on this petition. Cf. Machibroda v. United States, 368 U.S. at p. 495, 82 S.Ct. 510.

Petitioner next contends that it was improper for the sentencing judge to pass upon the sufficiency of his Section 2255 petition. Such action was clearly contemplated by the Supreme Court in *Machibroda*. The trial and sentencing judge's familiarity with the facts and circumstances surrounding the trial make it desirable for him to deal with such petitions. See Deitle v. United States, 302 F.2d 116, 118 note 2 (7th Cir. 1962), vacated on other grounds, 364 U.S. 284, 80 S.Ct. 1622, 4 L.Ed.2d 1720; see also United States v. Smith, 337 F.2d 49, 52–53 (4th Cir. 1964), certiorari denied, 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436; Simmons v. United States, 302 F.2d 71 (3d Cir. 1962). We need not decide whether, as a rule or in individual cases, a formal evidentiary hearing must be held by a judge other than the sentencing judge, to avoid any risk of unseemly judicial conduct. See Halliday v. United States, 380 F.2d 270, 273–274 (1st Cir. 1967). Here the sentencing judge was not required to recuse himself from determining whether an evidentiary inquiry was necessary. See *Halliday, supra,* at p. 274.

Petitioner also renews the adversely decided contention that the trial judge was prejudiced and availed himself of improper extra-judicial information concerning petitioner. See United States v. Burris, 393 F.2d 81, 82 (7th Cir. 1968). Nothing in the intervening decision in Gregg v. United States, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442, justifies redetermination of this issue.

Finally, petitioner claims that the "Government's inability" to call informer Rupert Kelly as a witness deprived petitioner of his Sixth Amendment right to confront and cross-examine the witnesses against him. He claims that Kelly was necessary to support the defense of entrapment. He contends that the Government in effect deliberately suppressed the evidence of a

material witness. Cf. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L. Ed.2d 639. These claims are without merit. Petitioner made no attempt to raise a defense of entrapment which Kelly could corroborate. In fact, at his trial Burris took the stand to proclaim his innocence, thus barring assertion of the affirmative defense of entrapment. United States v. Johnston, 426 F.2d 112 (7th Cir. 1970); United States v. Georgiou, 333 F.2d 440 (7th Cir. 1964), certiorari denied, 379 U.S. 901, 85 S.Ct. 191, 13 L.Ed.2d 176. Moreover, through no fault of the Government, Kelly had been slain before trial and was obviously unavailable as a witness to anyone. Nor is there even a hint of an expectation of favorable testimony from his lips had he been available. Cf. United States v. Perlman, 430 F.2d 22 (7th Cir. 1970).

David C. Rosten of the Chicago Bar served with distinction as appointed counsel for petitioner on this appeal. We appreciate his services.

The denial of the motion is affirmed.