William James WEST, Petitioner,

v.

Harold E. BLACK, Warden, Respondent.

No. C–74–273–L(B).

United States District Court,
W. D. Kentucky,
Louisville Division.

Oct. 21, 1974.

Paul K. Murphy, Louisville, Ky., for petitioner.

Ed W. Hancock, Atty. Gen., Frankfort, Ky., for respondent.

## MEMORANDUM AND ORDER

BRATCHER, District Judge.

This action is now before the Court for final decision following an evidentiary hearing conducted by the Court on September 26, 1974, on the petition for writ of habeas corpus filed by William James West. The petitioner and his court-appointed counsel, Honorable Paul K. Murphy, appeared for petitioner, and Honorable Carl Miller, Assistant Attorney General for the Commonwealth of Kentucky, appeared for the respondent.

The petitioner alleges that he has been denied his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution as applied to the states through the due process clause of the Fourteenth Amendment.

It would serve no useful purpose to recite in detail the unusual background of this action. However, more than a cursory reference or passing glance backward to the facts is essential to properly focus on the questions raised.

The more significant facts are these:

On November 4, 1968, petitioner was indicted in Case # 138,060.

On July 26, 1969, petitioner was indicted in Case # 139,995.

On October 13, 1970, the petitioner entered a plea of guilty in two separate cases, # 140,689 and # 143,005, for which he received a sentence of 15 years in the state penitentiary.

On August 21, 1972, a bench warrant was issued and lodged against petitioner at the penitentiary at La Grange.

On December 11, 1973, the petitioner filed a motion for a speedy trial in Cases # 138,060 and # 139,995.

On January 18, 1974, petitioner's motion for speedy trial was overruled.

On January 25, 1974, petitioner filed notice of appeal to the Kentucky Court of Appeals.

On April 19, 1974, the records show that the Court of Appeals denied mandamus.

On January 20, 1974, the records show that the Court of Appeals denied mandamus.

On July 8, 1974, petitioner filed his petition for writ of habeas corpus in the United States District Court for the Western District of Kentucky at Louisville.

On September 16, 1974, the Commonwealth moved to set cases # 138,060 and # 139,995 for trial. Trial is now set for December 16, 1974 by the Jefferson Circuit Court.

A study of the official records of the Jefferson Circuit Court reflects that these two cases have been continued seven times, six times on motion of the Commonwealth; that the two cases have been passed eight times and reassigned three times by the Court.

The right to a speedy trial is enshrined in the Constitution for the protection of the accused because of a general concern for fairness and decency. A defendant has no duty to set the procedure in motion and thus bring himself to trial. The primary burden is properly placed on the courts and prosecutors to assure that cases are brought to trial in an expeditious and orderly manner.

In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court identified four factors which should be assessed in determining whether a particular defendant has been deprived of his right:

(1) Length of delay;

(2) Reason for delay;

(3) Defendant's assertion of his right;

(4) Prejudice to defendant.

In Case # 138,060, within a very few days six years will have elapsed since the petitioner was indicted. In # 139,995 more than five years has elapsed. No court can say precisely at what point the right has been denied and each case must be weighed on its own facts and circumstances. However, the delay in the instant matter was inexcusable, unreasonable and therefore intolerable.

The crimes charged in these two cases were not complex, technical or otherwise difficult. The Commonwealth offered no valid reason for the delay.

It cannot be contradicted that the petitioner did exert a reasonable effort to assert his rights. His allegations certainly were not artistically expressed, but this is expected because he is not a lawyer, and consequently he was somewhat clumsy and awkward. A liberal construction is appropriate even though claims are vague and somewhat conclusory. See Burris v. United States, 7th Cir., 430 F.2d 399.

It is obvious that the petitioner has been prejudiced. He has experienced five painful years of doubt, anxiety and concern. His activities have been restricted because of the two detainers placed against him. The detainers appear to have adversely affected his chances for parole. There is a strong probability that any defense he may have had is now impaired, if not destroyed. According to the proof, a key witness has died during this interim.

The right to a speedy trial is not a theoretical or abstract right but is one rooted in hard reality in the need to have charges promptly exposed. In this case the petitioner has been denied the right to promptly confront his accusers and to meet the charges at a time when the case was fresh.

On this record the delay is intolerable as a matter of fact and impermissible as a matter of law.

See Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

Accordingly, indictments # 138,060 and # 139,995 now pending in the Jefferson Circuit Court are dismissed.