UNITED STATES of America,
Plaintiff-Appellee,

v.

John DEMJANJUK, aka Iwan Demjanjuk, aka Grozny Ivan (Ivan the Terrible), Defendant-Appellant.

No. 81–3415.

United States Court of Appeals,
Sixth Circuit.

Argued April 22, 1982.
Decided June 8, 1982.

---

John W. Martin, Spiros E. Gonakis, Cleveland, Ohio, for defendant-appellant.

Norman A. Moscowitz, Dept. of Justice, Washington, D. C., John J. Horrigan, Asst. U. S. Atty., Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, Bruce J. Einhorn, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before KENNEDY and MARTIN, Circuit Judges and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

In this action appellant seeks review of a decision of the District Court vacating the order admitting him to citizenship and cancelling his certificate of citizenship. The District Court found as a matter of fact that appellant had made material misrepresentations regarding the nature of his wartime activities in his application for a visa under the Displaced Persons Act of 1948. It held that clear and convincing evidence supported the government's contention that the appellant had willfully concealed that he had trained as an armed guard at Trawniki, Poland at a camp run by the German SS and thereafter served with the Nazis as an armed guard at the extermination camp in Treblinka, Poland. Since this information would have made appellant ineligible for a visa and for citizenship, the District Court concluded that appellant's citizenship must be revoked under 8 U.S.C. § 1451(a) because it was "illegally procured." *Fedorenko v. United States*, 449 U.S. 490, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981).

The District Court considered documentary evidence, eyewitness identifications and the appellant's own testimony, which it found not to be credible, in making its findings. Preliminary to his consideration of the Trawniki identification card and the eyewitness identifications, the lower court was called upon to make evidentiary rulings regarding the admissibility of this evidence and address due process challenges to it. It refused to admit a presidential statement and expert testimony on the suggestiveness of photo lineups proffered by appellant.

We agree with the conclusions of law reached by the District Court. 518 F.Supp. 1362. We further conclude that the District Court's findings of fact are not clearly erroneous under a "clear and convincing" standard and the evidence properly admitted.

The District Court did not abuse its discretion in denying appellant's motion for a new trial based on newly discovered evidence. *Baynum v. Chesapeake & Ohio Ry. Co.*, 456 F.2d 658, 662 (6th Cir. 1972). The District Court found that appellant's failure to timely discover Dorofeev's protocol, through the fault of the government, was not prejudicial since his statements were adverse and cumulative in light of the Trawniki identification card. The lower

court indicated that Sztajer's affidavit could only be used to impeach the testimony of the six eyewitnesses and would not necessarily affect the outcome of the trial. *Thomas v. Nuss*, 353 F.2d 257, 259 (6th Cir. 1965).

One further matter requires attention. Appellant argues that he has been deprived of due process and a fair trial by the government's failure to pay for his attorney's fees and expenses. The concept of due process is indeed flexible and the circumstances of this case extraordinary. However, appellant was never denied any specific request for necessary expenditures by the District Court. The District Court did, in fact, condition the deposition of the German witnesses on appellant's counsel's ability to attend at government expense. We find nothing in the due process clause nor the facts of this case which would require a generalized award of fees and expenses to appellant's counsel.

Accordingly, the judgment of the District Court is affirmed.