**In the Matter of the Extradition of John DEMJANJUK, A.K.A. John Ivan Demjanjuk, A.K.A. John Ivan Demyanyuk.**

Misc. No. 83–349.

United States District Court, N.D. Ohio, E.D.

Dec. 6, 1984.

Supplemental Order Dec. 11, 1984.

See also, D.C., 584 F.Supp. 1321, D.C., 603 F.Supp. 1468.

Gary D. Arbeznik, Asst. U.S. Atty., Cleveland, Ohio, Murray R. Stein, Alvin D. Lodish, Michael Wolfe, Bruce Einhorn, U.S. Dept. of Justice, Washington, D.C., for petitioner.

Mark O'Connor, Buffalo, N.Y., John J. Gill, Cleveland, Ohio, for respondent.

Steven M. Schneebaum, Patton, Boggs & Blow, Washington, D.C., amicus curiae.

### ORDER

BATTISTI, Chief Judge.

On July 17, 1984, this Court ordered that it would continue with the extradition proceedings against respondent John Demjanjuk despite the entry of a deportation order against respondent. In order to clarify the issues to be resolved at the extradition hearing required by 18 U.S.C. § 3184, this Court will hold a preliminary hearing on December 17, 1984, at 10 a.m. The purpose of this hearing is to give the parties an opportunity to present arguments on several issues which the Court would like to resolve prior to the actual extradition hearing. To insure the orderly and expeditious handling of the preliminary hearing, the parties may only address the issues and questions outlined below.

The purpose of an extradition hearing is to determine whether there is sufficient evidence of criminality "to sustain the charge under the provisions of the proper treaty or convention." 18 U.S.C. § 3184. The judge need not find that the evidence is sufficient to convict the individual whose extradition is sought but only whether there is "probable cause" or "reasonable grounds" to believe the individual is guilty of the crime charged. *Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925); *Shapiro v. Ferrandina*, 478 F.2d 894, 904–05, 913–14 (2d Cir.), *cert. dismissed*, 414 U.S. 884, 94 S.Ct. 204, 38 L.Ed.2d 133 (1973). For such a determination to be valid (to survive collateral review under habeas corpus) the following conditions must be met:

(1) The judge must be authorized to conduct extradition proceedings.

(2) The judge must have jurisdiction of the subject matter and of the accused.

(3) The applicable treaties must be in full force and effect.

(4) The crimes for which extradition is requested must be offenses "within the treaty".

(5) The judge must determine whether the party brought before it is the one named in the complaint. *Hooker v. Klein*, 573 F.2d 1360, 1367 (9th Cir.), *cert. denied*, 439 U.S. 932 [99 S.Ct. 323, 58 L.Ed.2d 327] (1978); *see also Fernandez v. Phillips*, 268 U.S. 311 [45 S.Ct. 541, 69 L.Ed. 970] (1925); *Charlton v. Kelly*, 229 U.S. 447 [33 S.Ct. 945, 57 L.Ed. 1274] (1913).

(6) There must be "competent and adequate evidence" for the decision. *Bingham v. Bradley*, 241 U.S. 511, 516–17, 36 S.Ct. 634, 637–38, 60 L.Ed. 1136 (1916); *Jimenez v. Aristequieta*, 311 F.2d 547, 562 (5th Cir.1962).

It is already well-established that a federal district judge is authorized to conduct extradition proceedings. Under 18 U.S.C. § 3184, "any justice or judge of the United States, or any magistrate authorized so to do by a court of the United States, or any judge of a court of general jurisdiction of any State" may conduct extradition proceedings. It is also established that a valid extradition treaty is currently in force between the United States and Israel. Convention on Extradition between the Government or the United States of America and the Government of the State of Israel. T.I. A.S. 5476, 14 U.S.T. 1717 (signed Dec. 10, 1962) (entered into force Dec. 5, 1963). Therefore, this Court has already determined items 1 and 3.

As to item 6 above, it is well-established that in an extradition hearing, the respondent may not present evidence which contradicts the requesting government's proof; the respondent may only present explanatory evidence. *Hooker v. Klein*, 573 F.2d 1360, 1369 (9th Cir.), *cert. denied*, 439 U.S. 932, 99 S.Ct. 323, 58 L.Ed.2d 327 (1978); *Collins v. Loisel*, 259 U.S. 309, 315–17, 42 S.Ct. 469, 471–72, 66 L.Ed. 956 (1922). The distinction between explanatory and contradictory evidence is difficult to articulate, *see In re Sindona*, 450 F.Supp. 672, 685 (S.D.N.Y.1978), *aff'd* 619 F.2d 167 (2nd Cir.1980), but it is essentially the line between "evidence rebutting probable cause and evidence in defense." *Charlton v. Kelly*, 229 U.S. 447, 33 S.Ct. 945, 57

L.Ed. 1274 (1913). Thus, the extraditing court may exclude evidence of alibi. *Hooker*, 573 F.2d at 1368. The determination of what evidence is explanatory and therefore admissible is left to the sound discretion of the extradition judge. *Hooker*, 573 F.2d at 1369; *Collins*, 259 U.S. at 317, 42 S.Ct. at 472. Above all, the Court will be guided by the principle that an extradition hearing is not to be turned into a full-scale trial on the merits.

Under 18 U.S.C. § 3191, the respondent may present witnesses in his behalf. However, the testimony of such witnesses shall be limited to the standard stated above. The governments of the United States or Israel need not present witnesses and may use the means provided by 18 U.S.C. § 3190. *See Bingham v. Bradley*, 241 U.S. 511, 36 S.Ct. 634, 60 L.Ed. 1136 (1916). The provisions of § 3190 are not available to respondent. *Oteiza v. Jacobus*, 136 U.S. 330, 10 S.Ct. 1031, 34 L.Ed. 464 (1890).

If respondent wishes to present expert testimony on the issue of whether the Treaty is inapplicable to him because the alleged crimes fall exclusively within the purview of the military courts, he may do so.[1] Respondent may only present expert witness(es) who respondent has proposed calling to testify in papers already filed with the Court. On December 17, 1984, expert testimony will be limited to the military tribunal issue (question A, p. 1465 *infra*). If respondent intends to offer the testimony of Professor Telford Taylor, on or before December 17, 1984 at 10:00 a.m., respondent will present to the Court a written memorandum setting forth the expected testimony of Professor Taylor. Said memorandum will explicate respondent's statement in his May 21, 1984 memorandum that Professor Taylor will testify as to "[t]he jurisdiction of an extradition court over alleged war crimes will be fully explored under domestic and international law." Objections to the scope of proffered expert testimony on the military tribunal

issue will be entertained at the December 17, 1984 hearing.

Items 2, 4 and 5 in the above list remain to be resolved. The questions to be addressed at the December 17, 1984 preliminary hearing go only to items 2 and 5 above, namely jurisdiction and identification. No discussion of item 4, broadly referred to as "treaty interpretation," will occur at the December 17th hearing. (See Appendix A)

The Court will therefore hear argument on the following questions on December 17, 1984:

A. Under item 2 above, whether a United States civilian court has subject-matter jurisdiction in an extradition proceeding where the crimes alleged occured during wartime or whether only a properly constituted military tribunal has jurisdiction over alleged war crimes?

B. Under item 5 above, what evidence is relied upon by the state of Israel to establish that the requested individual is indeed the respondent? What evidence is sufficient to determine the identify of the respondent?

IT IS SO ORDERED.

## APPENDIX A

The Extradition Treaty provides, in part:

### Article II

Persons shall be delivered up according to the provisions of the present Convention for prosecution when they have been charged with, or to undergo sentence when they have been convicted of, any of the following offenses:

1. Murder.

2. Manslaughter.

3. Malicious wounding; inflicting grievous bodily harm ...

Extradition shall also be granted for attempts to commit or conspiracy to com-

---

**1.** The Court is today ruling only on the question of the admissibility of expert testimony on the military tribunal issue (question A, p. 1465 *infra*). The issue of what, if any, witnesses will be permitted to testify at a subsequent hearing, if such hearing is necessary, will be decided at a later date.

mit any of the offenses mentioned in this Article provided such attempts or such conspiracy are punishable under the laws of both Parties by a term of imprisonment exceeding three years.

Extradition shall also be granted for participation in any of the offenses mentioned in this Article.

### Article III

When the offense has been committed outside the territorial jurisdiction of the requesting Party, extradition need not be granted unless the laws of the requested Party provide for the punishment of such an offense committed in similar circumstances.

Under the rubric of "treaty interpretation", the Court places the following issues:

1. Does this Court have the authority, under the Extradition Treaty, to extradite respondent to Israel when the Israeli government is charging him with crimes committed outside the territory of the State of Israel? (*i.e.* the "extraterritoriality" of the Extradition Treaty?)

a. Is the judicial determination of whether respondent is extraditable for the offenses charged discretionary under Article III of the Treaty because the law under which respondent is charged asserts jurisdiction over acts which occurred outside the territory of Israel?

b. Do the laws of the United States, the requested party, provide for the punishment of offenses committed in similar circumstances, within the meaning of Article III of the Treaty?

2. Does the extradition request fall into one of the exceptions to extradition set forth in the Treaty?

Article VI of Treaty provides, in part: Extradition shall not be granted in any of the following circumstances:

1. When the person whose surrender is sought is being proceeded against, or has been tried and discharged or punished, in the territory of the requested Party for the offense for which his extradition is requested. . . .

3. When the prosecution of the enforcement of the penalty for the offense has become barred by lapse of time according to the laws of the requesting Party or would be barred by lapse of time according to the laws of the requested Party had the offense been committed in its territory.

4. When the offense is regarded by the requested Party as one of a political character or if the person sought proves that the request for his extradition has, in fact, been made with a view to trying or punishing him for an offense of a political character.

Article VII of the Treaty provides:

When the offense for which the extradition is requested is punishable by death under the laws of the requesting Party and the laws of the requested Party do not permit such punishment for that offense, extradition may be refused unless the requesting Party provides such assurances as the requested Party considers sufficient that the death penalty shall not be imposed, or, if imposed, shall not be executed.

a. Is the § 1 "double jeopardy" provision applicable in the instant case?

b. Is the extradition request time-barred under § 3?

c. Is extradition prohibited by § 4 because respondent is charged with crimes of a "political character" in Israel?

d. Do the death penalty provisions of the Nazi and Nazi Collaborators (Punishment) Law 5710–1950 bar extradition?

3. What, if any, effect does Israel's lack of statehood during the time the alleged crimes occured have on whether the respondent is extraditable under the Treaty?

4. Is the Nazi and Nazi Collaboratores (Punishment) Laws 5710 an ex post facto law? If so, of what import is such a determination in these extradition proceedings?

This list is not exhaustive and there may be subsidiary questions under each enumerated issue. This list is intended solely to outline those issues which will not be

addressed at the December 17, 1984 hearing.

### SUPPLEMENTAL ORDER

On Thursday, December 6, 1984, this Court issued an order outlining questions to be addressed at the December 17, 1984 preliminary hearing in the above-captioned case. Upon further consideration, this Court believes that one additional question should be addressed prior to the actual extradition hearing.

Both the Extradition Treaty[1] and 18 U.S.C. § 3184[2] require the presiding judge to base his extradition determination upon certain and specific criminal charges. The Court is unable to determine with certainty the specific charges against respondent for which extradition is sought.

In the November 18, 1983 Complaint, the United States Government stated that Demjanjuk is charged with "the said crimes of murder and malicious wounding". Other documents before the Court have set out the charges somewhat differently. In the November 3, 1983 Authentication Certificate attached to Israel's Request for the Extradition of John Demjanjuk, James E. Hughes, Counsel General of the United States in Tel Aviv, Israel, states that Israel is requesting respondent Demjanjuk's extradition for the alleged crime of "Murder of Jews." The October 18, 1983 Request to Issue Warrant of Arrest, included in the Israeli Request, sets forth the charges against Demjanjuk and the statutory authority for the charges:

Details of the offense(s): The suspect, nicknamed "Ivan the Terrible", was a member of the S.S., and in the years 1942-43 operated the gas chambers to exterminate prisoners at the Treblinka death camp in the Lublin area of Poland, which was occupied by the Nazis during the Second World War. The suspect murdered tens of thousands of Jews, as well as non-Jews, killing them, injuring them, causing them serious bodily and mental harm and subjected them to living conditions calculated to bring about their physical destruction. The suspect committed these acts with the intention of destroying the Jewish people and to commit crimes against humanity.

Paragraph(s) of the charges: Paragraphs 1, 2, 3, and 4 of the Nazi and Nazi Collaborators (Punishment) Law, 5710–1950.

Furthermore, the papers of the parties and the *amicus curiae* differ in their interpretations of the charges on which the government seeks to extradite the respondent. *See, e.g.,* Respondent's Motion to Terminate Extradition Proceedings (April 12, 1984) at 25–31; Brief of Amicus Curiae (April 19, 1984), at 25–31; Government's Pre-Hearing Memorandum (April 19, 1984) at 16, 34–36.

Therefore, in the interests of clarity and orderliness, the Government is ordered to set forth in a specific and detailed manner the criminal charges against Demjanjuk for which it seeks extradition, on or before December 17, 1984 at 10:00 a.m.

1. Article I of the Extradition Treaty provides: Each Contracting Party agrees, under the conditions and circumstances established by the present Convention, reciprocally to deliver up persons found in its territory *who have been charged with* or convicted of *any of the offenses mentioned in Article II* of the present Convention committed within the territorial jurisdiction of the other, or outside thereof under the conditions specified in Article III of the present Convention. (emphasis added) Convention on Extradition between the Government of the United States of America and the Government of the State of Israel, December 10, 1962, 14 U.S.T. 1717, T.I.A.S. No. 5476.
   Article XIII of the Extradition Treaty states that a person extradited under the Treaty "shall not be detained, tried or punished in the territory of the requesting Party for any offense other than that for which extradition has been granted ..." and provides for certain limited exceptions. *See also* Article 10 of the Extradition Treaty.

2. As set out in 18 U.S.C. § 3184, an extradition request comes before an extradition magistrate for the determination of certain specific questions. *See* Order of December 6, 1984, at 1–2. Under Section 3814 a complaint made under oath to an extradition magistrate must charge respondent with having committed within the jurisdiction of the requesting state "any of the crimes provided for by ... [the extradition] treaty or convention."

This statement of the charges will be considered the definitive and official request by the Government. The charges set forth therein will be considered the official submission which this Court will use in all future decisions regarding the crimes for which Demjanjuk's extradition is requested.

IT IS SO ORDERED.