John **DEMJANJUK**, Petitioner,

v.

Joseph **PETROVSKY**, Warden, et al., **Federal Prison Medical Facility, Springfield, Mo., Respondents.**

No. C85–1226.

United States District Court, N.D. Ohio, E.D.

May 17, 1985.

572

Mark O'Connor, Buffalo, N.Y., John J. Gill, David Eisler, Cleveland, Ohio, for petitioner.

Gary D. Arbeznik, Asst. U.S. Atty., Cleveland, Ohio, Murray R. Stein, Office of Intern. Affairs, Alvin D. Lodish, Michael Wolfe, Bruce Einhorn, Office of Special Investigations, U.S. Dept. of Justice, Washington, D.C., for respondents.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This matter is before the Court today on John Demjanjuk's Petition for Writ of Habeas Corpus (filed April 25, 1985) challenging the April 15, 1985 certificate of extraditability.[1]

### I.

In October of 1983, the State of Israel requested the extradition of John Demjanjuk from the United States to stand trial in Israel for murder and other offenses alleged under the Nazis and Nazi Collaborators (Punishment) Law, sections 1–4, pursuant to an Arrest Warrant, issued by Judge A.M. Simcha of the Magistrates Court, Jerusalem, Israel on October 18, 1983. The request was based upon the Convention on Extradition between the Government of the United States of America and the Government of the State of Israel. T.I.A.S. 5476, 14 U.S.T. 1717 (entered into force December 5, 1963) [hereinafter the "Treaty"]. Acting on behalf of Israel, the United States government filed a Complaint in the Northern District of Ohio seeking the extradition of John Demjanjuk to Israel, on November 18, 1983. The extradition matter was assigned to this Court, as a matter related to the denaturalization proceedings against John Demjanjuk over which this Court presided. *United States v. Demjanjuk*, 518 F.Supp. 1362 (N.D.Ohio 1981), *aff'd* 680 F.2d 32 (6th Cir.1982) *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982), pursuant to Local Civil Rule 7.09(4)(c) (N.D.Ohio).[2]

After the Court received extensive briefing by both the parties and the *amicus curiae*, the International Human Rights Group, the extradition hearing required by 18 U.S.C. § 3184 was held in two parts. On December 17, 1984, the question of whether a United States civilian court has subject matter jurisdiction in an extradition proceeding where the crimes alleged occurred during wartime, as well as several preliminary issues, was addressed. *Matter of Demjanjuk* 603 F.Supp. 1463, 1465 (N.D.Ohio 1984). On February 21, 1985, this Court found that it did have subject matter jurisdiction to hear and decide the

---

**1.** John Demjanjuk's counsel filed a Petition for a Writ of Habeas Corpus by a Prisoner in Federal Custody in the Northern District of Ohio on April 25, 1985. The petition was assigned to the Honorable Thomas D. Lambros under the random assignment system which is the standard operating procedure in this District. L.Civ.R. 7.07. Judge Lambros transferred the petition to this Court as a "related matter", pursuant to Local Civil Rule 7.09(3).

Rule 7.09(3) provides that:
Subsequent proceedings in civil cases and in criminal cases (including petitions under 28 U.S.C. Section 2255) shall be assigned to the judge who heard the original case.

**2.** This extradition case originally was assigned to this judge consistent with standard district court procedure, as stated in the Local Civil Rules of this district. At the time the government filed its Complaint, this Court had Demjanjuk's First Motion to Vacate Judgment in the denaturalization proceeding under advisement. Local Civil Rule (N.D.Ohio) 7.09(4)(c) (Assignment of Cases other than by Lot) provides, in relevant part:

(4) Cases related to cases already assigned to a judge shall be assigned or transferred to said judge. Related cases are defined as follows:

\*　　\*　　\*　　\*　　\*　　\*

(c) Civil cases are deemed related when a filed case (i) relates to property involved in an earlier numbered pending suit, (ii) *involves the same issue or issues of fact or grows out of the same transaction or subject matter as a pending civil suit,* ... (emphasis added.)
Since the extradition case involves some of the same parties and arose out of some of the same events as the denaturalization proceedings, it was assigned to this judge.
In November of 1983, Demjanjuk's First Motion to Vacate was denied. *United States v. Demjanjuk*, 103 F.R.D. 1 (N.D.Ohio 1983).

extradition matter. *Matter of Demjanjuk*, 603 F.Supp. 1468, 1469 (N.D.Ohio 1985). On March 12, 1985, the hearing on all other issues was held.

On April 15, 1985, this Court issued an opinion which addresses the numerous issues of facts and law presented by the extradition request and certifies to the Secretary of State that John Demjanjuk is extraditable to the State of Israel. The certification states that the John Demjanjuk brought before the Court is the one named in the Israeli Extradition Request and that competent and sufficient evidence has been presented to sustain charges of "murder", which are extraditable offenses pursuant to the Treaty. Order of April 15, 1985 at 51–52.

Petitioner John Demjanjuk argues that he is unlawfully imprisoned because the extradition court has acted "in violation of the Constitution, laws and treaties of the United States". Petition for a Writ of Habeas Corpus by a Prisoner in Federal Custody at 2 (filed April 25, 1985) [Hereinafter "Habeas Petition"]. Petitioner argues that: jurisdiction over the extradition proceedings was taken contrary to the Constitution and, thus, the evidence of identity and probable cause was improperly before the Court, Habeas Petition at ii–iii, "the crime of genocide ... is outside the terms of the Treaty", *id.* at iii, and petitioner is not properly charged, as required by 18 U.S.C. § 3184, *id.* at iii.

## II. RECUSAL

■ Petitioner John Demjanjuk's attorneys have orally requested that this Court recuse itself from hearing the petition for writ of habeas corpus. They argue that it would be improper or inappropriate for this Court to, in effect, review itself by examining the validity of the April 15, 1985 certification of extraditability. In addition, they contend that there would be an appearance of bias and impropriety for this Court to rule on the petition for writ of habeas corpus. Presumably, they base

their argument on 28 U.S.C. § 455(a) which provides:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Petitioner's request is denied.

First, petitioner's argument has been expressly rejected by at least one circuit court in the context of a petition for a writ of habeas corpus attacking extradition proceedings. In *David v. Attorney General of United States*, 699 F.2d 411 (7th Cir. 1983), David appealed the district court's denial of his petition for writ of habeas corpus. Judge Foreman, of the Eastern District of Illinois, had certified David as extraditable under the French-American Extradition Treaty on charges of willful homicide and attempted willful homicide. Subsequently, Judge Foreman denied David's habeas petition. In affirming the district court's denial of the writ of habeas corpus, the Seventh Circuit found, *inter alia*, that Judge Foreman had not violated 28 U.S.C. § 455(a) by considering the habeas petition. The Seventh Circuit stated that a judge is not required to recuse himself from hearing a habeas petition which attacks an extradition hearing over which he presided. The Seventh Circuit found support for its decision in the procedures employed in actions brought under 28 U.S.C. § 2255[3] and in cases where a district judge is reversed, or has an order vacated, and the case is remanded to the judge for further proceedings. *Id.* at 416.

Second, while this case involves a petition brought pursuant to 28 U.S.C. § 2241 and the Rules Governing § 2255 Proceedings for United States District Court do not govern, Rule 4(a) of the § 2255 Rules and judicial precedent in cases involving § 2255 petitions for habeas corpus provide persuasive evidence that there is no impropriety in this Court's accepting jurisdiction in this case. Rule 4(a) provides:

**Reference to judge; dismissal or order to answer.**

---

3. *See infra* at 574–575.

The original motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him, or, if the judge who imposed sentence was not the trial judge, then it shall go to the judge who was in charge of that part of the proceedings being attacked by the movant. If the appropriate judge is unavailable to consider the motion, it shall be presented to another judge of the district in accordance with the procedure of the court for the assignment of its business.

There are numerous cases where a trial judge in a criminal matter has decided a § 2255 proceeding in accordance with Rule 4 and has had his refusal to recuse himself upheld. *Accord, e.g., Burris v. United States,* 430 F.2d 399 (7th Cir.1970), *cert. denied,* 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1970); *Lucero v. United States,* 425 F.2d 172, 173 (9th Cir.1970); *Dukes v. United States,* 407 F.2d 863 (9th Cir.1969); *Briscoe v. United States,* 129 U.S.App.D.C. 146, 391 F.2d 984 (1968); *Mirra v. United States,* 379 F.2d 782 (2nd Cir.1967), *cert. denied,* 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667; *United States v. Smith,* 337 F.2d 49 (4th Cir.1964), *cert. denied,* 381 U.S. 916, 85 S.Ct. 1542, 14 L.Ed.2d 436; *Simmons v. United States,* 302 F.2d 71 (3d Cir.1962); *Martin v. United States,* 273 F.2d 775, 777 (10th Cir.1960), *cert. denied,* 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816 (1961); *Carvell v. United States,* 173 F.2d 348 (4th Cir.1949); *see also Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). *But see Halliday v. United States,* 380 F.2d 270 (1st Cir.1967). These courts have reasoned that the trial judge's familiarity with the facts and circumstances surrounding the original trial makes it desirable for him to deal with the § 2255 petitions. *Burris,* 430 F.2d at 402.

Section 2255 was inserted in the judicial code to avoid the unseemly practice of having attacks upon the regularity of trials made before a coordinate judge. *Carvell,* 173 F.2d at 348; *Smith,* 337 F.2d at 52 (quoting Parker, "Limiting the Abuse of Habeas Corpus", 8 F.R.D. 171, 172–73 (1949)). Section 2255 was designed to eliminate the intolerable situation in which another district judge would consider evidence outside the original trial record and be forced to weigh the testimony of the original trial judge against the word of a convicted felon.[4] *United States v. Edwards,* 152 F.Supp. 179, 182 (D.D.C.1957).

Such factors are equally applicable in § 2241 habeas corpus proceedings initiated to attack a certificate of extraditability. This Court is familiar with the facts and circumstances surrounding the consideration of Israel's extradition request and related judicial proceedings. The likelihood of being misled by false allegations as to what occurred is slight. Furthermore, if this Court determines the merit of Demjanjuk's habeas petition, this District will avoid the unseemly spectacle of one district judge weighing the determination of a fellow district court judge against legal arguments and factual allegations made by an alleged felon.

Third, the Local Civil Rules for the Northern District of Ohio provide that cases "related" to cases already assigned to a judge should be assigned to that judge. Local Civil Rule 7.09. Judge Thomas Lambros determined that Demjanjuk's habeas petition is related to Case No. 83–Misc. 349 (the extradition proceeding) and thus, that Local Rule 7.09(3) "mandates the assignment of this action to the judge who heard the original case." Order of April 25, 1985. Pursuant to the Local Rules of this District, the habeas petition is properly before this Court.

It is appropriate and reasonable for this Court to decide the habeas petition, in part because expeditious action is possible because of the Court's prior experience in this matter. *See Matter of Demjanjuk,* 584 F.Supp. 1321 (N.D.Ohio 1984) (motion for

---

**4.** Prior to the adoption of § 2255, since evidence outside of the record was heard at the habeas corpus petition hearing, the trial judge at times became a witness, by deposition or otherwise, at that hearing.

recusal in extradition proceedings denied; "with nothing more, this Court's rulings or action in previous related cases will not support a motion for recusal."). It is in the interests of justice and friendly foreign relations to complete judicial examination of this extradition matter seasonably. With the filing of this Order, the matter will now be ripe for review by the Sixth Circuit Court of Appeals. 28 U.S.C. § 2253.

## III. WRITS OF HABEAS CORPUS IN EXTRADITION CASES

■ The decision of a judge or magistrate in an extradition case is not itself appealable. *Collins v. Miller*, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616 (1920); *Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2d Cir.1973); *Jimenez v. Aristeguieta*, 290 F.2d 106 (5th Cir.1961). Rather, the alleged felon may only attack the extraditability decision collaterally, through a writ of habeas corpus. *Fernandez v. Phillips*, 268 U.S. 311, 45 S.Ct. 541, 69 L.Ed. 970 (1924); *Shapiro*, 478 F.2d at 901.

■ An extradition proceeding is in the nature of a preliminary hearing, *Merino v. United States Marshal*, 326 F.2d 5, 12 (C.D.Cal.1963); the government need only establish that competent and adequate evidence shows that the accused has committed the offenses charged pursuant to Treaty, 18 U.S.C. § 3184. It is not the purpose of an extradition hearing to determine the accused's guilt. *Collins v. Loisel*, 259 U.S. 309, 316, 42 S.Ct. 469, 472, 66 L.Ed. 956 (1922). Rather, after the alleged felon has a hearing, where he is given the opportunity to establish why he is nonextraditable in the requested country, he still can have his day in court, when he can prove his innocence in a trial in the courts of the requesting country. Habeas corpus proceedings cannot take the place of a direct appeal, *Fernandez*, 268 U.S. at 312, 45 S.Ct. at 542, and are not a means for rehearing what the § 3184 judge has already decided, *id.*

■ Thus, the scope of review of an extradition decision through habeas corpus proceedings is very limited.

Habeas corpus is available only to inquire whether the magistrate had jurisdiction, whether the offence charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.

*Fernandez*, 268 U.S. at 312, 45 S.Ct. at 542; *Accord, Charlton v. Kelly*, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274 (1913); *Grin v. Shine*, 187 U.S. 181, 23 S.Ct. 98, 47 L.Ed. 130 (1902); *Prushinowski v. Samples*, 734 F.2d 1016, 1018 (4th Cir.1984); *Shapiro*, 478 F.2d at 901; *Jimenez v. Aristeguieta*, 311 F.2d 547, 555 (5th Cir.1962).

## IV. NO ORDER TO SHOW CAUSE NECESSARY

■ Title 28 U.S.C. § 2243 provides that a court entertaining an application for a writ of habeas corpus

shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Under this provision, a district court has a duty to screen out a habeas petition which should be dismissed for lack of merit on its face. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970). *Accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970) (a habeas petition "should set out substantive facts that will enable the court to see a real possibility of constitutional error".)

■ In the instant case, it appears from the application for a writ of habeas corpus that John Demjanjuk is not entitled thereto. When the application is considered in conjunction with the motions, the files and the records in the extradition case and the Order of April 15, 1985, it appears conclusively that Demjanjuk is entitled to no relief. Thus, there is no need for consideration of a return on the writ. 28 U.S.C. § 2243. In this case, the allegations do not involve factual matters outside the extradition proceedings' records or beyond the

knowledge of this Court. Requiring a return from the Government would not contribute to the resolution of issues or the achievement of justice. *Accord Allen,* 424 F.2d at 142.

## V. HABEAS PETITION DENIED

■ As will be shown below, the issues raised by Demjanjuk's habeas petition have been considered in depth and ruled on by this Court during the extradition proceedings. *Matter of Demjanjuk,* 603 F.Supp. at 1469, 1473–79 (subject matter jurisdiction); Order of April 15, 1985 at 18–27 (Israel's assertion of jurisdiction in conformity with United States jurisdictional principles and international law), 28–35 ("murder" charges within the Treaty), 3–17 (identification) and 35–41 ("competent and adequate evidence" or "probable cause" to believe respondent committed the acts charged). Petitioner Demjanjuk has presented no new arguments or information that would cause this Court to reconsider its findings and legal conclusions.

First, petitioner again asserts that this Court lacked jurisdiction in the *extradition* proceedings because the crimes alleged are "war crimes" and occurred outside of the territorial jurisdiction of Israel. Habeas Petition at 3–6, 8–9, 9–10. Petitioner attempts to distinguish away the precedent and legal reasoning used by this Court in finding that it had jurisdiction to determine whether petitioner is *extraditable.* Again, petitioner's arguments are misplaced. Indeed, the Court is disturbed that petitioner blatantly misconstrues this Court's prior opinions. Petitioner states that "the Genocide Convention cannot confer subject matter jurisdiction over the petitioner." *Habeas Petition* at 9. Of course, petitioner is correct. But the contention is irrelevant—the Court does not rely on the Convention in determining that it has subject matter jurisdiction over the extradition proceedings. This Court has already fully explored all of petitioner's arguments pertaining to subject matter jurisdiction. *Matter of Demjanjuk,* 603 F.Supp. 1468, 1469 (N.D.Ohio 1985); 603 F.Supp. 1473–1479 (N.D.Ohio 1985). Nothing has been presented to change the earlier decisions.

Second, petitioner argues that the Court changed the terms of the Treaty by finding him extraditable for "genocide". Habeas Petition at iii, 7–8. He states that

> By asserting acceptance of Universal jurisdiction over the Murder of Jews, the extradition court supplied terms to the United States-Israel Extradition Treaty, in plain contravention of its governmental role, *Cherokee Tobacco, supra, Ambiable Isabella, supra.* By doing so, it unlawfully supplied a *casus omissus* in the treaty.

This Court did not fill a gap in the Treaty and did not find petitioner extraditable for genocide. Indeed, the Court specifically found petitioner extraditable only for multiple charges of "murder", crimes for which petitioner is charged under the Israeli statute. Order of April 15, 1985 at 29–35. The Court found that Demjanjuk is charged with murder, pursuant to sections 1(b) and 2(f) of the Israeli statute, that these charges are recognized as crimes under Article II of the Treaty, *id.* at 30, and that, pursuant to Article III, petitioner is legally extraditable to Israel. *Id.* at 32. Petitioner's argument fails.

■ Third, petitioner contends that "no evidence was presented to the extradition court that petitioner was Ivan Grozny". A habeas court cannot find for the petitioner because of lack of probable cause if *any* evidence as to probable cause exists. The issue of identifying the accused felon is not even properly before a habeas court. *Supra* at 576. In light of the numerous, detailed eyewitness accounts which identify John Demjanjuk as a Treblinka guard and set forth with great particularity descriptions of multiple murders he is alleged to have committed, Order of April 15, 1985, at 4–17, 35–41, petitioner's claim that "petitioner's connection with the identity or the genocidal crimes of Ivan Grozny was ... never demonstrated by even a scintilla of evidence", Habeas Petition at 9, is frivolous and offensive.

Lastly, petitioner merely asserts, without any substantiation, that the document on which basis petitioner is sought does not charge him, as required by 18 U.S.C. 3184, *id.* at iii, and claims that the documents contained within the Israeli Extradition Request are not properly certified, *id.* at 2. The finding that petitioner was properly "charged" by Israeli authorities with extraditable offenses within the meaning of the treaty is not reviewable on habeas corpus. *Matter of Assarsson,* 687 F.2d 1157, 1160 (8th Cir.1982); *Matter of Assarsson,* 635 F.2d 1237, 1240–42 (7th Cir. 1980). Were this habeas court to look at the merits of petitioner's argument, however, the Israeli Extradition Request does contain both a Request to Issue Warrant of Arrest, presented to the Magistrate Court in Jerusalem (October 18, 1983) and a Warrant of Arrest, issued by Judge A.M. Simcha of the Magistrate Court (October 18, 1983) which set forth the charges against Demjanjuk. Pursuant to 18 U.S.C. § 3184 and the Treaty, this is sufficient. The Treaty does not include as a prerequisite to extradition the filing of formal charges and an extradition court need not find that an accused felon is charged in the same manner as would be required by United States criminal law nor need it review compliance with foreign criminal procedure. *Accord Assarsson,* 635 F.2d at 1242, 1244; *see also Grin,* 187 U.S. at 190–94, 23 S.Ct. at 102–03.

Petitioner presents no argument or evidence to substantiate his claim that the certification of documents is improper, nor did he do so at the March 12, 1985 Extradition Hearing. *See* Transcript of March 12, 1985 Hearing at 111–25, 126–29, 164–166. Furthermore, questions of certification and authentication are not properly before a habeas court. Were this Court to examine the question again, however, it would still find the documents properly certified and authenticated. Order of April 15, 1985 at 4.

## CONCLUSION

Petitioner has in no way met his burden of showing that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *Accord Allen v. Perini,* 424 F.2d 134, 138 (6th Cir.1970).

The application for writ of habeas corpus is hereby denied.

The effect of certification of extraditability is stayed until June 4, 1985 at 10:00 a.m. D.S.T. to afford the parties the opportunity to apply for whatever relief they deem appropriate.

IT IS SO ORDERED.